**ORIGINAL**

CHUNMAY CHANG  #3302
737 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Tel. 808-536-2288
Fax 808-536-8807

Attorney for Respondent

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 17 2006

at 11 o'clock and 25 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, nka LYNCH, <br><br> Petitioner, <br><br> v. <br><br> JOHN R. REMIS, JR., <br><br> Respondent. | Civil No. 00-00765 SPK <br><br> RESPONDENT'S TRIAL BRIEF <br><br><br> Hearing Date: October 24, 2006 <br> Senior Judge: SAMUEL P. KING |

RESPONDENT'S TRIAL BRIEF

Comes now Respondent John R. Remis, Jr., by and through his attorney, Chunmay Chang, and hereby submits his Trial Brief as follows:

A. BACKGROUND:

The facts of this case are well-known to this Court. This matter is before the court again on remand to decide whether a grave risk of psychological harm now exists and, if so, whether that risk can be minimized through an alternative remedy. In addition, this Court is to determine if the children object to being returned to their mother in Canada and, if so, have they attained an age and degree of maturity at which it is appropriate to take their views into

account. Of note is one of the children, John Anolani Remis, IV, born September 17, 1990, (hereinafter "John") has attained the age of sixteen. The other child, Andreas Wailani Remis, (hereinafter "Andreas") attained the age of 14 years on June 23, 2006.

B. APPLICABLE LAW:

   1. Grave Risk of Psychological Harm:

   Petitioner herein filed a petition under the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11603(b), and the Hague Convention on the Civil Aspects of International and Child Abduction (the "Hague Convention" or the "Convention"), October 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501, seeking return of the children to Canada. Respondent did not dispute that he had removed the children from Canada, but argued that the children should not be returned because of the Convention's exception for cases in which the children would face a grave risk of psychological harm if returned to the non-abducting parent. See Hague Convention Art. 13(b), 19 I.L.M. at 1502. The party opposing return of a child has the burden of proving the Article 13(b) "grave risk" exception by clear and convincing evidence; the applicability of other Article 13 exceptions, including the "objection" exception, need only be proved by a preponderance of the evidence. 42 U.S.C. § 11603(e)(2).

   There are numerous cases which address the "grave risk" exception. As reported in Blondin v. Dubois, 238 F.3d 153, 238 F.3d 153 (2d Cir. 01/04/2001), "[a]ccording to the Explanatory Report of the Convention, the dispositive part of the Convention contains no explicit reference to the interests of the child . . . . However, its silence on this point ought not to lead one to the conclusion that the Convention ignores the social paradigm which declares the necessity of considering the interests of children in regulating all the problems which concern them. On the contrary, right from the start the signatory States declare themselves to be firmly convinced that

the interests of the children are of paramount importance in matters relating to their custody . . ." Elisa Pérez-Vera, Explanatory Report: Hague Conference on Private International Law, in 3 Acts and Documents of the Fourteenth Session 426 (1980) ("the "Explanatory Report" or "Report"), ¶23".

"The interest of the child in not being removed from its habitual residence . . . gives way before the primary interest of any person in not being exposed to physical or psychological danger or being placed in an intolerable situation." Explanatory Report at ¶29. In the course of an Article 13(b) analysis, a district court may be presented with evidence that a child is now settled in a new environment, and such evidence may be relevant to the issue of grave risk as long as that factor is not the sole basis for a finding that there is clear and convincing evidence that a grave risk of harm exists. See: *Blondin*.

In addition, *Blondin* permitted the District Court to properly consider the objection of an 8 year old child to being returned to France, as an individual and non-conclusive factor in its broader "grave risk" analysis under Article 13(b).

The evidence before this court first shows that John is 16 years of age and the Hague Convention is no longer applicable to him. See Article 4 of the Convention and discussed below. More importantly, uncontroverted evidence demonstrates by clear and convincing weight that Andreas, now 14, objects to being returned, is now well-settled in his environment, and has been for more than 6 years, that Petitioner has no relationship with either John or Andreas, Andreas and John are very closely bonded and Andreas should not be separated from John, and that Andreas will suffer a grave risk of psychological harm if returned to Petitioner in Canada. There is also a risk of psychological harm to John if Andreas were removed. As above stated,

3

interests of the children are of paramount importance. There is also no viable alternative for Andreas to return to Canada without suffering psychological harm.

2. <u>Children object to return and are of sufficient age and maturity</u>:

The Convention establishes that a court "may refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." Convention, Art. 13, 51 Fed.Reg. at 10499. Congress has added to the Convention's endorsement of the exception the codicil that the factual predicate for finding that a mature objection has been made need only be established by the customary civil action standard of a preponderance of the evidence. In contrast to the other exception argued herein, the prospect of a "grave risk" of physical or psychological harm to the child if returned which requires clear and convincing proof, establishing the "objection" exception to return is not subject to the same stringent burden of proof, and thus a court may more readily find a valid objection than it could find the existence of a grave risk. This difference in stringency of examination is expressly mandated by ICARA, 42 U.S.C. § 11603(e)(2)(A) (1994).

In <u>England v. England</u>, 234 F.3d 268, 234 F.3d 268 (5th Cir. 11/27/2000) a 13 year old was found sufficiently mature for the Court to credit her desire to remain with her mother and not return to Australia. That Court further declined to separate a younger sister from her older sister because "it would be psychologically damaging to both girls to be separated from each other during the pendency of the custody proceedings." Id. The Court allowed both sisters to remain in the United States with their mother.

Similarly, in <u>McManus v. McManus</u>, 354 F.Supp.2d 62 (D.Mass. 02/04/2005), it is stated the Convention only applies to children who are under 16 years old, Convention, Art. 4,

4

T.I.A.S. No 11,670, at 5, and the authoritative commentary to the Convention suggests that children who are nearing 16 years should ordinarily have their own wishes respected. Elisa Pérez-Vera, Explanatory Report on the 1980 Child Abduction Convention, ¶30, at 433, in 3 Hague Conference on Private Int'l Law, Acts and Documents of the Fourteenth Session (1980) The application of the exception is not automatic either for 15-year-olds or, as here, 14-year-olds, but it can be applied with more confidence the older the child.

At bar, the preponderance of evidence demonstrates Andreas to have attained an age and maturity such that his thoughtful views and objection to being returned to Petitioner should be taken into account and honored.

3. <u>The Convention does not apply to John</u>:

Article 4 of the Convention states The Convention shall apply to any child who was habitually resident in a Contracting State immediately before any breach of custody or access rights. The Convention shall cease to apply when the child attains the age of 16 years. As John has attained the age of 16 the Convention no longer applies to him.

C. <u>CONCLUSION</u>:

John, having attained the age of 16 is no longer subject to The Convention and the Petition for the return of John to his mother in Canada should be dismissed.

Respondent has also proved by a preponderance of evidence that Andreas, age 14, is of sufficient age and maturity to articulate his objections to being returned to Petitioner. Furthermore, there is clear and convincing evidence that Andreas, who objects to his return, is now well-settled in his environment for 6 years and that to remove him from the bonds of love and affection with father and brother would result in a grave risk of psychological harm. The

5

evidence also shows that there is no viable remedy to return Andreas to Canada without a grave risk of psychological harm to him. Accordingly, the Petition for the return of Andreas to his mother in Canada should be denied.

DATED: Honolulu, Hawaii, October 17, 2006.

_____
CHUNMAY CHANG
Attorney for Respondent