ORIGINAL

CHUNMAY CHANG #3302
737 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Tel. 808-536-2288
Fax 808-536-8807
Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, nka CATHERINE LYNCH, | ) ) ) | Civil No. 00-00765 SPK |
| Petitioner, | ) ) | DECLARATION OF PAUL. D. DEERING., EXHIBIT A; |
| v. | ) ) | |
| JOHN R. REMIS, JR., | ) ) | |
| Respondent. | ) ) ) | :Hearing Date: October 24, 2006<br>Hearing Time: 10:00 AM<br>Judge: SAMUEL P. KING |

**DECLARATION OF PAUL D. DEERING, Ph.D.**

PAUL D. DEERING, Ph.D., hereby declares under penalty of perjury that the following are true and correct:

1. I, Paul D. Deering, Ph.D., am a professor of education at the University of Hawaii. Annexed hereto as Exhibit "A" is a true and correct copy of my curriculum vitae.

2. I have known John A. Remis IV (hereinafter "John") and Andreas W. Remis ("Andreas") since late June 2000. I have known their father John R. Remis, Jr. (hereinafter "Remis") since about 1997.

3. Declarant makes this Declaration in support of the objection to the return of Andreas to his mother, Petitioner herein. Your Declarant is very familiar with the facts and circumstances of this case. I testified as an expert in education and in particular, early adolescence, in behalf of Remis in the Family Court trial between the parties in December 2000. I have continued to remain a close friend of Remis and have developed a close relationship with John and Andreas. John and Andreas visit my home often and share time with me and my wife, Nicole. John and

1

Andreas express much love, affection and respect for their father. John and Andreas have an extremely close, loving and caring relationship between themselves.

4. As a professor of education for middle-school teachers, I have extensively studied the physical and psychological aspects of healthy growth and development for early adolescents ranging in age from 10-15. It should first be noted that children need to be stimulated in 4 areas for their normal growth and development: social, intellectual, emotional, and physical. Most of the education and learning process involve socialization. This is particularly so as a child reaches 10 to 15 years in age and start testing their independence. This process continues through their adolescent years. They need opportunities to associate themselves with various groups, such as school students, neighbors and community, to find their own identity. Children need to have outside contacts, other adults, and peer challenges to learn to think for themselves in making choices.

Your Declarant has seen John and Andreas do very well in adjusting to life in Hawaii and extending themselves in all areas needed for transition to adulthood. John is 16 and well-adjusted. He continues to learn, socialize and experiment to become a productive individual.

At 14, Andreas is in the latter stage of early adolescence and very much involved in developmental need for socialization at school and at home. Gaudin's steadfast intent to mold the children into good Christians by isolation and home-schooling, would deprive Andreas of his much-needed socialization and other stimuli necessary for all aspects of his development and well-being. Home-schooling alone would be a traumatic change in Andreas' life and disruptive of further development.

5. At a minimum, the physical needs of a child include food, shelter, clothing, education, supervision, protection and health care. Emotional needs of a child must also be met. A child needs parental support to fulfill dependency needs, foster independence, instill a sense of responsibility and promote self-esteem. Additionally, a child needs the opportunity for social relationships, friendships and a sense of community. The manner in which Gaudin has controlled the children, coupled with her failure to comply with the order of the Hawaii Family Court as well as her continued biblical communications to John and Andreas suggest a return to a stark environment for the boys which would be emotionally devastating to Andreas. That Gaudin has not spoken to either John or Andreas in about 6 years is in itself emotionally draining. For Gaudin to now remove the boys to Canada without knowing who they are as

2

young adults would be inconsistent with their growth and maturity. Their emotional and other fundamental needs are well served by their father who encourages their independence, affords them a sense of responsibility and participates in their community.

6. Gaudin does not meet the emotional or other needs of the children and is indifferent, and/or unable, to understand them as individuals. Her choice to remain absent from the boys' lives in the past 6 years supports her apparent indifferences or inability to parent them. The boys see Gaudin as a stranger with a very disturbing past. The boys have never met Paul Lynch, Esq., except when they appeared in this court in December 2000. The boys recalled Paul Lynch wanted to take them away from their father and wrongfully attacked their father.

7. Gaudin's past with the children supports a finding that the return of either child would expose each to a grave risk of psychological harm and/or place each in an intolerable situation. When the boys were 8 and 9, Gaudin isolated the children from any social relationships except those available at her particular church on Sundays. The boys reported they had no friends in Canada; Gaudin did not permit them to eat lunch with their peers, limited visits to their home by a schoolmate to the condition that they would study the Bible with the boys and then be allowed to play. Gaudin did not enroll the boys in any extracurricular activity at their school. Gaudin did not allow any other activities outside of her church. The boys reported they could not visit classmates at the latter's homes, not permitted to go to parties, did not go anywhere or do anything except study the Bible, play at home and go to church. Gaudin did not participate in any parent-teacher conferences or other social events at school. Gaudin kept the boys home from school at times or caused them to arrive late by reason of her imposed Bible study or failure to complete Bible work. Gaudin gave the boys no sense of community. Gaudin's next-door neighbors of six and one-half years as of December 2000, had never been in her home nor has she been in theirs. The isolation and authoritative conduct of Gaudin caused extreme anger and fear and unhappiness in the boys. The very restricted contacts/activities and limited studies do not provide for the children's intellectual curiosity or any other needs. At present, both John and Andreas are of an age where continued socialization and activities are critical to their growth and development.

8. There appears to be no ongoing relationship between Gaudin and the children. Andreas has told me he does not want to return to his mother or Canada. Andreas cannot imagine living alone with Gaudin in Canada. Such would deprive him of his only known family

and his entire life-style. Andreas level of maturity and understanding are a product of the efforts of Remis, his brother John, his social environment and his physical development. Andreas is now 14, Andreas is well-adjusted and very capable of making reasoned decisions. In this case, he chooses to remain with his father and brother and not be returned to his mother in Canada. Andreas well understands these proceedings but does not know why his mother would want to separate him from the people he loves the most in Hawaii. It is wholly appropriate to honor Andreas' mature decision not to be returned. To do otherwise would be seriously harmful to his development into adulthood.

FURTHER DECLARANT SAYETH NAUGHT.

Dated: Honolulu, Hawaii, October 17, 2006.

PAUL D. DEERING, Ph.D.

DECLARATION OF PAUL D. DEERING, Ph.D.: GAUDIN V. REMIS, UNITED STATES DISTRICT COURT, DISTRICT OF HAWAII: CIVIL NO. 00-00765 SPK