UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, nka LYNCH,<br><br>        Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>        Respondent. | ) CIVIL NO. 00-0765 SPK (LEK)<br>)<br>) DECLARATION OF PAUL A. LYNCH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF PAUL A. LYNCH

I, PAUL A. LYNCH, declare as follows:

1.     I am the attorney representing Petitioner CATHERINE JANE VON KENNEL GAUDIN, nka LYNCH, in the above matter and am duly qualified to practice law in the State of Hawaii and before this Court. I am a director and officer of Lynch Ichida Thompson Kim & Hirota, a Law Corporation, and have been practicing in this jurisdiction since November, 1965. I make this declaration based on personal knowledge and I am competent to testify about the matters set forth in this declaration.

2.     Petitioner was served with a subpoena to show up at a hearing presently scheduled for November 28, 2006, and to bring with her certain documents relating to her dealings and contacts with the Immigration and Naturalization Service and to testify concerning same.

3.     The ground for the Motion to Quash and/or For Protective Order is that it contemplates discovery, during a substantive hearing, and is inappropriate. This is harassment.

4. Counsel for Petitioner declares that Petitioner's immigration status remains the same

as it was when the Ninth Circuit asked for the submission of a letter brief on that status in February of 2004 and that immigration status as determined and declared by the Ninth Circuit of Appeals has not in any way altered or changed.

5.   This is not germane to the purpose of the remand by the Ninth Circuit in its decision of July 18, 2005, a year and four months ago, is harassing and will only stimulate argument and delay and for that reason should be quashed. Counsel wishes the facts were otherwise and would then have the Court dismiss this case as being moot, since Declarant has made it abundantly clear that, with no citation or authority by Respondent as to mootness based on permanent residency in Hawaii, or by the Ninth Circuit in "creating" a rule of mootness based on post-petition residency in Hawaii, that such a ruling needed to be overruled.

6   For the foregoing reasons, counsel for Petitioner requests an order quashing the subpoena and makes himself available for cross-examination on his declaration as to the present status of Petitioner.

I, PAUL A. LYNCH, do declare under penalty of perjury under the laws of the State of Hawaii that the foregoing is true and correct.

Executed at Honolulu, Hawaii, on November 21, 2006

_____
PAUL A. LYNCH
Attorney for Petitioner