ORIGINAL

CHUNMAY CHANG #3302
737 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Tel. 808-536-2288
Fax 808-536-8807

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, nka LYNCH, | ) ) ) | Civil No. 00-00765 SPK |
| Petitioner, | ) ) ) ) ) ) | RESPONDENT'S SUPPLEMENTAL TRIAL BRIEF; EXHIBIT "A"; CERTIFICATE OF SERVICE |
| vs. | ) | |
| JOHN R. REMIS, JR., | ) ) | |
| Respondent. | ) ) ) | Hearing Date: November 28, 2006 Senior Judge: SAMUEL P. KING |

RESPONDENT'S SUPPLEMENTAL TRIAL BRIEF

Comes now Respondent John R. Remis, Jr., by and through his attorney, Chunmay Chang, and hereby submits his Supplemental Trial Brief as follows:

A. BACKGROUND:

The facts of this case are well-known to this Court. This matter is before the court again on remand to decide whether a grave risk of psychological harm now exists and, if so, whether that risk can be minimized through an alternative remedy. The viability of an alternative remedy is the subject of this supplement.

B. <u>APPLICABLE LAW</u>:

Respondent respectfully asks this Court to consider the rationale found in the case of <u>De Sande v. De Sande</u>, 431 F.3d 567 (7th Cir. 12/07/2005), a true and correct copy of which is annexed as Exhibit "A". In <u>De Sande</u>, the father petitioned for the return of the children to Belgium after they were abducted by the mother to the United States. The mother alleged the father to have been abusive to the children. Belgium was the children's habitual residence. The father secured an ex parte custody decree in Belgium. The district court granted father's petition for the return of the children by way of summary judgment, primarily on the ground that there was no indication that the Belgian legal system cannot or will not protect the children. The Seventh Circuit reversed and remanded in that mother had presented sufficient evidence of a grave risk of harm to the children and the adequacy of conditions that would protect the children if they were returned to Belgium was sufficiently in doubt.

The decision in <u>De Sande</u> considered that if handing over custody of children to an abusive parent creates a grave risk of psychological harm to the children, the children should not be handed over, however severely the law of the abusive parent's country might punish such behavior. In such a case, any order divesting the abducting parent of custody would have to be conditioned on the child's being kept out of the custody of the abusing parent until the merits of the custody dispute can be resolved by the court in the abusive parent's country (being the habitual residence of the children). Pending resolution of the custody dispute, prudence would require the children, if returned, be placed in the custody of some third party in that country. The children might find themselves in a foster care facility until the custody litigation was resolved.

As such, it seems less appropriate for the court to enter extensive undertakings than to deny the return request. Where evidence that the status quo was abusive, preserving same is

inappropriate. Return plus conditions ("undertakings") can in some, maybe many cases, properly accommodate the interest in the child's welfare to the interests of the country of the child's habitual residence. But, in cases of child abuse as here (De Sande), the balance should shift against return.

Applying the rationale of De Sande at bar, it is emphasized that Petitioner has lived in Kailua, Hawaii for almost six years and has not communicated with her sons save biblical correspondence sporadically sent to them. These minimal and impersonal communications to the children in this case are evidence of a disturbing lack of care and concern for the children. Same also is clear evidence of the unabated religious fervor of Petitioner, demonstrating that Petitioner has not changed in six years. Although almost xix years have passed since this Court's original finding that there would be a grave risk of psychological harm to return the children to her in December 2000 the factors then considered by this Court are appropriate today. Petitioner has not taken any steps to address her fixation on religion and her expressed intent to impose her religious beliefs upon the children. Petitioner has made no effort to speak with the children although not prohibited to do by the Hawaii Family Court for a period of almost 6 years! Petitioner has not acted as a parent who desires to be close to her children pending this litigation as she expressed at the hearing on December 8, 2000. Petitioner did not avail herself of the steps required by the Hawaii Family Court to permit physical access to her children. Petitioner has paid no child support although ordered to do so effective August 2001. This Court should consider Petitioner's disconnect from her children for more than five years to be tantamount to her abandonment of her children. Such abandonment reflects a conscious choice of Petitioner. In September 2005, Petitioner, through her attorney, expressed her opinion that she

3

is the victim in this case. That Petitioner fails to acknowledge the harm she has wrought upon her children is inexcusable.

If Andreas Wailani Remis were returned to Canada same would clearly place him at a grave risk of psychological harm. It would be necessary to protect him from his abusive mother, isolating him from her and at the same time, from his father and brother. Such a circumstance aligns with the rationale of De Sande Yet, this is what Petitioner is seeking, separate one of her sons from his father and brother so she can pursue a custody claim in Canada. This pursuit strikes at vindictiveness in keeping with the Petitioner's position that she and not the children, has been the victim in this case.

C. <u>CONCLUSION</u>:

The psychological abuse of Petitioner towards her children continues to date. Same creates a grave risk of psychological harm if they were returned to her. There is no viable alternative which would prevent psychological harm to Andreas Wailani Remis. Considering the removal of Andreas would also harm his brother, John, no undertaking is appropriate under these circumstances. Petitioner's request for the return of Andreas to Canada should be denied.

DATED: Honolulu, Hawaii, November 21, 2006.

                                          _____
                                          CHUNMAY CHANG
                                          Attorney for Respondent