UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN nka LYNCH,<br><br>               Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR<br><br>               Respondent. | CIVIL NO. 00-00675 SPK<br><br>DECLARATION OF COUNSEL; EXHIBIT "A" |

## DECLARATION OF COUNSEL

Chunmay Chang, an attorney duly licensed to practice law in the State of Hawaii, hereby declares under penalty of perjury that:

1. I am the attorney for the Respondent, John R. Remis, Jr., and make this Declaration in support of Respondent's Motion for Reconsideration of this Court's Order Granting Petitioner's Motion to Quash Subpoena.

2. Your Declarant first apologizes to this Court for not having filed a timely response to the Motion to Quash as I had incorrectly believed the response was due December 14, 2006. This error, however, is not the basis of this motion.

3. Local Rule 60.1 provides that motions for reconsideration of interlocutory orders may be brought, inter alia, upon the following ground:

    (c) Manifest error of law or fact. Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed. White v. Sabatino, No. 04-00500 ACK/LEK (D.Haw. 03/23/2006).

4. Petitioner, at Paragraph 2. of the Declaration of Paul A. Lynch dated November 21, 2006, in support of the Motion to Quash, asserted Petitioner had been "served with a subpoena to show up at a hearing scheduled for November 28, 2006..." This was a fiction created by Attorney Paul A. Lynch. Annexed as exhibit "A" and made part hereto is a true and correct copy of the subpoena issued by my office in this matter and served upon Petitioner which was returnable October 24, 2006. No other subpoena was issued and served by my office. No such subpoena returnable on November 28, 2006, the subject of Petitioner's motion to quash, was ever issued. As such, this was a manifest error of fact asserted by Petitioner which should have rendered the Motion to Quash moot.

5. It is further noted that no Motion to Quash the actual subpoena (Exhibit "A" hereto) was timely filed under Federal Rules of Civil Procedure, Rule 45. Petitioner's motion was filed on November 21, 2006, and created a ficticious subpoena return date to give the appearance of a timely filing. For this reason, Petitioner's motion should also be denied.

6. The subpoena actually issued and served called for the production of documents pertaining to Petitioner's immigration status. Attorney Lynch suggested such request to be harassment at paragraph 5. of his Declaration. Curiously, the Petitioner did not submit her own Declaration as to her immigration status. The Ninth Circuit Court of Appeals clearly stated in Gaudin v. Remis, 379 F.3d 631 (2004): it declined to revisit its decision in Gaudin I (Gaudin v. Remis, 282 F.3d 1178 (9th Cir. 2002) that, if a Hague Convention petitioner moves permanently to the same country as the abductor, the petition is moot because no effective relief remains for us to grant. Thus, Petitioner's immigration status remains germane to these proceedings. Your Declarant believes it is incumbent upon Petitioner, not her attorney, to swear to her immigration status in the United States. Upon information and belief, Petitioner has lived continuously in

Kailua, Hawaii, since about May 2001. This cannot be a "temporary" residency. Thus, her residency status in the United States is not only relevant to her place of residence but also to the issue of whether there are viable alternatives to the children being returned to Canada, the relief sought by Petitioner's petition.

7. For the foregoing reasons, Declarant on behalf of Respondent respectfully requests this Court to reconsider the Order Granting Petitioner's Motion to Quash.

This motion is submitted in good faith and not for the purpose of delay.

Declarant states that under the penalty of perjury, the foregoing is true and correct to the best of her knowledge.

DATED: Honolulu, Hawaii, December 26, 2006.

_____
CHUNMAY CHANG