ORIGINAL

cc: lek.

LYNCH ICHIDA THOMPSON KIM & HIROTA
A Law Corporation

PAUL A. LYNCH 661-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: 528-0100

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 09 2007

at 4 o'clock and __ min. __ M
SUE BEITIA, CLERK

Attorney for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, nka LYNCH,<br><br>   Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>   Respondent. | CIVIL NO. 00-0765 SPK (LEK)<br><br>PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION FOR RECONSIDERATION FILED DECEMBER 26, 2006; CERTIFICATE OF SERVICE |

PETITIONER'S MEMORANDUM IN
OPPOSITION TO RESPONDENT'S MOTION FOR
RECONSIDERATION FILED DECEMBER 26, 2006

Comes now Petitioner/Movant CATHERINE JANE VON KENNEL

GAUDIN nka LYNCH (hereinafter "Petitioner"), by and through her attorneys,

Lynch Ichida Thompson Kim & Hirota, and files her Memorandum in Opposition

to Respondent's Motion for Reconsideration filed herein on December 26, 2006, of the Court's Order entered and filed herein on December 11, 2006, granting in part Petitioner's Motion to Quash Subpoena to the effect that the subpoena served on Petitioner should be quashed.

Rule 59(e) permits a district court to reconsider and amend a previous order. However, it is an extraordinary remedy that is to be used sparingly in the interests of finality and conservation of judicial resources.  "A Rule 59(e) motion may *not* be used to raise arguments or present evidence . . . when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), citing *389 Orange Street Partners v. Arnold*, 179 F3d 656, at 665 (9th Cir. 1999).

Counsel for Petitioner notes that attached to the Motion for Reconsideration and as the entire assertion for the Motion for Reconsideration is a declaration of counsel, Chunmay Chang, Esq., Attorney for Respondent John R. Remis, Jr. Rather than rely on the arguably excusable neglect of having not filed a timely response to the Motion to Quash because of the inaccurate belief as to the due date of the response, Respondent and his counsel have specifically refused to ask the Court to give it the opportunity to argue the Motion to Quash for that reason.  See

paragraph 2 of the Declaration of Counsel attached to the Motion for Reconsideration.

In the first instance, counsel for Petitioner objects to the Motion for Reconsideration on the logical ground that there cannot be a reconsideration of that Motion, and the resulting decision and order where there was the grounds stated and in fact no opposition at all, so that what Respondent is now asking for is the opportunity to present a "consideration" that was not put forth in the first instance. So while pointing out to the Court that the error in believing when a response was due was not the basis of the motion, Respondent is attempting to completely avoid the effect of their error and nonparticipation by asking that they be allowed to start over.

Further, counsel for Respondent cites Local Rule 60.1(c) as the ground for her Motion for Reconsideration: she points out that subsection in (c) of that rule ("Manifest error of law or fact") a Motion must be filed not more than 10 business days after the Court's written order is filed, the point apparently being that counsel for Respondent did indeed file on the 10th day on December 26, 2006.

However, counsel for Respondent, while reciting the 10 day time deadline applicable to subsection (c) of Local Rule 60.1 did not mention specifically, as

counsel for Petitioner now does, that a Motion for Reconsideration of an interlocutory order under Local Rule 60.1

> . . . may be brought <u>only</u> upon the following grounds:
>
> (a) Discovery of New Material Facts Not Previously Available;
> (b) Intervening Change in Law; and
> (c) Manifest Error of Law or Fact.

Obviously, there was in this instance, no discovery of new material facts not previously available (although this counsel believes that the misinterpretation of the law as asserted in the Motion for Reconsideration is a manifest point of <u>law</u>, not fact, presumably under subsection (c)) and there is no intervening change in law. Therefore, the only ground left for Respondent is that he point out a manifest error or law or fact in the Court's decision. Counsel for Respondent then attempts to provide a basis for the Court to conclude that there was a manifest error of law or fact by misquoting a statement of counsel for Petitioner in said counsel's declaration supporting the Motion to Quash. Counsel for Respondent quotes the undersigned counsel in his Declaration dated November 21, 2006, that Petitioner had been "served with a subpoena to show up at a hearing scheduled for November 28, 2006 . . ." and then asserts that this statement was a "fiction" created by Attorney Paul A. Lynch with a copy then of the actual subpoena attached. Counsel for Petitioner's response is as follows: It has been my

understanding in the years that I have practiced law that a subpoena issued for a particular proceeding "floats" with the proceeding if the dates are changed, or the hearing, or the day on which the subpoenaed individual is to show up is not the one recited in the subpoena because of the length of the hearing or changes in scheduling.

The actual quotation by Respondent's Attorney is as follows: ". . .served with a subpoena to show up at a hearing presently scheduled for November 28, 2006. . ." (Emphasis supplied.) This was based upon my understanding that the hearing, which was moved and changed at this counsel's personal request from its originally scheduled date of October 24, 2006, to November 28, 2006. Counsel for Respondent intentionally omitted the underlined words.

Apparently, counsel for Respondent would label the foregoing recitation of a hearing date of November 28, 2006,as a "manifest error of fact" asserted by Petitioner, thereby forming the basis for her Motion for Reconsideration under Local Rule 60.1(c). See paragraph 4 of the Declaration of Counsel for Respondent in Support of the Motion for Reconsideration. Such an assertion, and using it as a basis for a Motion for Reconsideration is disingenuous at best, for if the Motion to Quash was indeed moot because of the non-existence, not factually but legally, of the efficaciousness of this subpoena as to the original hearing date

5

(again changed by counsel for Petitioner at his request), then indeed the motion was moot and ostensibly now that that fact has been pointed out, the order would be changed or withdrawn. The only problem with this, of course, is that we now have a hearing date (or we had a hearing date of January 23 which has now been moved to February 13, 2007), and nothing would prevent the service of another subpoena to the exact same effect resulting in another motion to quash and so, not only does counsel for Petitioner assert that the assertion by counsel for Respondent that the Motion to Quash was moot is inaccurate and in fact legally wrong, but if the Court should feel otherwise, counsel for Petitioner requests that the Court also revisit his Motion as to the request for Protective Order relative to the issuance of such a subpoena. Alternatively, if Counsel for Respondent wishes to make the representation that she has no intention of filing anther subpoena to the same effect, then all is of no consequence.

Counsel for Respondent recites in paragraph 5 that the Motion to Quash the Subpoena was not timely filed according to Civil Procedure Rule 45. Counsel for Petitioner believes this is another erroneous statement and refers the Court to Rule 45(b) which relates to a subpoena for producing documents and objections to same by the party served, to the party issuing this subpoena, as opposed to the "timely" filing of a Motion to Quash as protection for a person subject to the subpoena

under the same rule.  See *United States Ex Rel Pogue v. Diabestes Treatment Centers of America, Inc.*, 238 F. Supp. 2d, 270, 278 (d.d.c. 2002)("timely" is not defined in the rule nor elaborate upon in the advisory committee's notes).  See Federal Civil Rules Handbook 2007, Baicker-McKee, Janssen Corr, (Thomson, West) "Rule 45", p. 850, ftnte. 59.  In this case, the Motion to Quash was filed before the subpoena's return date relative to the actual then scheduled hearing date of November 28, 2006.

Counsel for Petitioner disagrees with the characterization contained in paragraph 6 of the Declaration of Respondent's Counsel relative to the meaning of the 9th Circuit Court of Appeals decision in *Gaudin v. Remis*, 379 F.3d 631 (2004).  She then goes on to recite, immediately after declaring the meaning of that decision, a conclusion to the effect that Petitioner's living continuously in Kailua, Hawaii since about May, 2001 . . . "cannot be a temporary 'residency' ", thus revealing that counsel for Respondent and perhaps Respondent himself, does not understand the very decision that they sought and received.

There is therefore, <u>no</u> manifest error of law or fact to form the basis for a Motion for Reconsideration.  The issues upon remand are clear.  They do not implicate issues involving Petitioner.  Rather, they do implicate the proof by Respondent under Act 13(b) as to the existence of "grave risk of psychological

harm" undertakings, if such grave risk is found, and the age and maturity of the younger child for consideration by the Court.

The Judgment of appellate reversal "on the merits" is dated August 22, 1005. Not only has Petitioner "lost" a hearing relative to the older boy, the Respondent, fourteen months after the decision of the 90th Circuit, almost four moths after he received notice of an October 24, 2006, hearing and based on no actual of new information, wants to go fishing during an evidentiary hearing.

The Motion for Reconsideration should be denied.

DATED:   Honolulu, Hawaii, January 9, 2007.

_____
PAUL A. LYNCH
Attorney for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE<br>VON KENNEL GAUDIN, nka<br>LYNCH,<br><br>        Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>        Respondent. | ) CIVIL NO. 00-0765 SPK (LEK)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing will be duly served upon the following party by depositing a copy of same in the United States mail, postage prepaid, on his date, addressed as follows:

CHUNMAY CHANG, ESQ
737 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Attorney for Respondent

DATED:   Honolulu, Hawaii, January 9, 2007.

_____
PAUL A. LYNCH
Attorney for Petitioner