ORIGINAL

CHUNMAY CHANG #3302
737 Bishop St., Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 536-2288
Facsimile: (808) 536-8807
Attorney for Respondent

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 23 2007

at 4 o'clock and comin P M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

CATHERINE JANE VON KENNEL,
GAUDIN,

　　　　　　　　　Petitioner,

vs.

JOHN R. REMIS, JR.,

　　　　　　　　　Respondent.

CIVIL NO. 00-00765 SPK (LEK)

RESPONDENT'S REPLY TO
PETITIONER'S MEMORANDUM
IN OPPOSITION TO RESPONDENT'S
MOTION FOR RECONSIDERATION
FILED JANUARY 9, 2007

NON-HEARING MOTION
JUDGE: LESLIE E. KOBAYASHI

RESPONDENT'S REPLY TO PETITIONER'S MEMORANDUM IN OPPOSITION
TO RESPONDENT'S MOTION FOR RECONSIDERATION FILED JANUARY 9, 2007

Respondent, John R. Remis. Jr., ("Respondent") by and through his attorney

Chunmay Chang, hereby submits his Reply to Petitioner's Memorandum in Opposition to

Respondent's Motion for Reconsideration.

That counsel omitted the the word "presently" from quoting Attorney Lynch does

not detract from the patent meaning of his representation. Attorney Lynch now asserts

the basis for his misunderstanding of the subpoena return date is that he believed same

would "float" with the continued hearing date. In practice, such has never been the

experience. Rather, pursuant to a subpoena, the subpoenaed party appears and is usually

ordered to return on the continued date. Without such directive by the court, a new

subpoena must issue.

Attorney Lynch cites no rule or authority to support his argument that a subpoena 'floats' with the new hearing date. Such authority does not appear to exist.

As a person subject of a subpoena, Petitioner has a duty to respond or timely object or move to quash same. Petitioner did not appear on the return date of the subpoena and no timely objection or motion to quash was filed before the return date of October 24, 2006. Accordingly, Petitioner's motion to quash subpoena should be denied as being untimely or moot.

The relevancy of the documents to be produced pursuant to a subpoeana duces tecum cannot be a basis for quashing a subpoena. See: Blair v. United States, 250 250 U.S. 273, 63 L. Ed. 979, 39 S. Ct. 468 and Nelson v. United States, 201 U.S. 92, 50 L. Ed. 673, 26 S. Ct. 358.

Accordingly, if this court denies the motion for reconsideration, Respondent respectfully seeks a clarification that the order does not preclude Respondent from seeking the same documents by another subpoena or other discovery method, as Attorney Lynch's basis for quashing that portion of the subpoena is not supported in law.

Based on the foregoing Respondent respectfully requests that his motion for reconsideration be granted and that the Petitioner's motion to quash subpoena be denied.

DATED: Honolulu, Hawaii, January 23, 2007.


CHUNMAY CHANG
Attorney for Respondent

<u>CERTIFICATE OF SERVICE</u>

I certify that I served a copy of the foregoing on Paul A. Lynch, attorney for Petitioner by

depositing same in an envelope with first class postage prepaid and addressed to the following:

Paul A. Lynch
Lynch Ichida Thompson & Kim
First Hawaiian Tower
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813

DATED:  Honolulu, Hawaii, January 23, 2007.


CHUNMAY CHANG
Attorney for Respondent