UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| CATHERINE JANE VON KENNEL GAUDIN nka LYNCH, | ) ) ) | CIVIL NO. 00-00675 SPK |
| Petitioner, | ) ) ) | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | ) ) ) | |
| JOHN R. REMIS, JR | ) ) ) | |
| Respondent. | ) ) | |

MEMORANDUM IN SUPPORT OF MOTION

A. BACKGROUND:

1. This Court is very familiar with the background of this proceeding. The primary issue in this motion is whether or not the status of the Petitioner as a legal permanent resident of the United States mandates dismissal of the petition as being moot. Although the current remand is to address issues of "grave risk" of psychological harm to the children and to determine if the children are of sufficient age and maturity to voice objection to their being returned, Petitioner's current immigration status remains fundamental to this case. The Ninth Circuit Court of Appeals stated in Gaudin v. Remis, 379 F.3d 631 (2004):

> "We first decline to revisit our decision in Gaudin I that, if a Hague Convention petitioner moves permanently to the same country as the abductor, the petition is moot because no effective relief remains for us to grant. Gaudin I, which we follow as *the law of the case*, see Jeffries v. Wood, 114 F.3d 1484, 1488-89 (9th Cir.), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (1997), forecloses our adopting a contrary position. None of the reasons for deviating from the law of the case-"(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes

3

> reconsideration appropriate, or (3) substantially different evidence
> was adduced at a subsequent trial," Jeffries, 114 F.3d at 1489
> applies here. (Emphasis added)"

Respondent caused a Subpoena Duces Tecum to be served upon Petitioner to adduce, inter alia, document(s) pertaining to Petitioner's current immigration status. Petitioner moved to quash said subpoena which motion was granted. However, Respondent's motion for reconsideration was granted, striking this Court's Order filed December 11, 2006 and denying Petitioner's Motion to Quash Subpoean and/or for Protective Order as moot. United States Magistrate Judge Leslie E. Kobayashi's Order of January 29, 2007 found the documents requested by Respondent of Petitioner to be relevant to this case. Judge Kobayashi's order further goes on to state, "Thus, at anytime, if Petitioner moves permanently to the United States, the instant case becomes moot." See: Exhibit "A" attached.

Respondent issued another subpoena to Petitioner for the hearing set for February 13, 2007. At that time, Petitioner produced a United States Permanent Resident Card (Exhibit "B" herein) which was admitted into evidence as Respondent's Exhibit "G" at the hearing on February 13, 2007.

Until then, Petitioner has maintained all along that she is not a permanent resident of the United States. This representation has been made throughout these proceedings, the most recent being the statement to the Honorable Senior Judge Samuel P. King by Attorney Lynch at the February 13 hearing, that "… her [Petitioner's] immigration status was determined as of August of 2004 by a panel of the Ninth Circuit." See: Transcript of Hearing of February 13, 2007 (hereinafter "Tr.") at page 4, lines 22-23, attached as Exhibit "C".

In his declaration filed herein on November 21, 2006, Attorney Lynch states:

4

"Any and all statements made by me as to factual allegations and the papers prepared and filed in this case by me for this hearing… are averred by me to be accurate and the information and knowledge was acquired either directly by me or in my role as Attorney for Petitioner in this case…" (Paragraph 3 of the Declaration.)

\* \* \*

"I hereby recite for the record under oath for myself and my client [Petitioner] that I was instructed by order of the Ninth Circuit Court of Appeal's panel handling Petitioner's appeal from the decision of the United States District Court dated March 3, 2003, relative to a determination that Petitioner was a permanent resident of the State of Hawaii and, pursuant to an earlier mandate of a different panel of the Circuit Court of Appeals for the Ninth Circuit, dismissed the case as moot, to prepare a letter brief delineating Petitioner's then immigration status. For purposes of this declaration and these proceedings, I merely recite that *since the letter brief was prepared in February of 2004, there has been no application nor action taken of which the Petitioner or I am aware that in any way affects or changes her immigration status as determined by the Ninth Circuit Court of Appeals in the year 2004.* (Emphasis added)." (Paragraph 5 of the Declaration.)

Attorney Lynch's November 21, 2006, declaration is attached hereto as Exhibit "D".

Attorney Lynch, at the hearing of February 13, 2007 and referring to the most recent decision of the Ninth Circuit Court of Appeals, states:

"…since domicile was the standard, they decided that she – the case was not moot and she could not legally form the intent and *she couldn't do it until such time as she put an application in to correct that, to get some sort of permanent resident status. We haven't done that obviously.* (Emphasis added)." Tr. at p:11, ll: 9-13.

Attorney Lynch then follows up by stating:

"However I want to be straight about this. In 2003 when her green card was expiring, *she applied for a new one.* (Emphasis added)." Tr. at p:11, ll:14-16.

5

2. It is emphasized here that the production of Petitioner's Permanent Resident Card in partial compliance with Respondent's Subpoena Duces Tecum for the hearing of February 13, 2007, was a total surprise to Respondent. Especially so, given the suppression of evidence by Petitioner and her counsel during the course of these proceedings. Given this new evidence, Respondent seeks leave to conduct further discovery of Petitioner if this matter is not dismissed as being moot. For example, Petitioner has maintained she has only been in the United States temporarily to pursue this litigation yet, it has been revealed that Petitioner applied for her permanent resident status in 2003. Inquiry as to the basis for the application, the application itself and any supporting documents relevant to Petitioner's intent to remain in the United States are now open to question.

3. Given Petitioner and her attorney's suppression of material evidence to this Court and in 2004 to the Ninth Circuit Court of Appeals, Petitioner intends to file a motion to vacate the decision of the Ninth Circuit Court of Appeals in Gaudin v. Remis, 379 F.3d 631 (08/10/2004) as being procured by fraudulent misrepresentation. Petitioner's Permanent Resident Card had been issued a month before that decision and applied for in 2003. There is a continuing obligation on an attorney's part to advise a court of a change in status which is germane to the case. It was not until February 13, 2007 that Respondent learned of this suppression of critical evidence. As such, there was a material mistaken fact relied upon by the Ninth Circuit Court of Appeals. Petitioner's counsel continues to allude to the fact that the ruling of the Ninth Circuit Court of Appeals in 2004 is determinative of her current immigration status. This is not the case as demonstrated on February 13, 2007. It would be an extraordinary burden upon Respondent and more importantly, Andreas Wailani Remis, to have to further endure the anxiety he has experienced in connection with Petitioner's goal to remove him from his brother and father. It is

6

logical to assume that had the Ninth Circuit Court of Appeals being properly informed of Petitioner's status prior to its decision on August 10, 2004, the Ninth Circuit would have affirmed this Court's dismissal of the Petition as moot. At best that appeal was frivolous based upon the evidence adduced on February 13, 2007. A continuance and/or suspension of these proceedings pending a ruling by the Ninth Circuit Court of Appeals as to the fraud perpetrated by Petitioner and her attorney would best serve the interests of justice.

B. APPLICABLE LAW:

United States Code Title 8, Chapter 12, Subchapter 1 §1101 provides the following definitions:

> "(20) The term 'lawfully admitted for permanent residence' means the *status of having been lawfully accorded the privilege of residing permanently in the United States* as an immigrant in accordance with the immigration laws, such status not having changed. (Emphasis added) and
>
> "(31) The term 'permanent' means a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law."

Gaudin v. Remis, 282 F.3d 1178 (9th Cir. 2002) determined that when a petitioner relocates permanently to the same country in which the abductor and the children are found, she casts her lot with the judicial system of that country. When Gaudin purportedly relocated, she severed her ties with Canada and made Hawaii the proper forum to determine custody matters. Gaudin's potential relief lies with the Hawaiian courts, not with Canada where she seeks the return of the children under the Convention. Therefore, **if Gaudin has moved permanently to Hawaii, her action is indeed moot and the petition must be dismissed.** This is the law of this case stated in Gaudin v. Remis, 379 F.3d 631 (2004).

7

United States Magistrate Judge Leslie E. Kobayashi's Order of January 29, 2007, stated: "Thus, *at anytime*, if Petitioner moves permanently to the United States, the instant case becomes moot. (Emphasis added)." (Exhibit "A" at Page 10). This is also the law of this case.

C. ARGUMENT:

The facts recited above and in the documents and records maintained by this Court in this case demonstrate Petitioner is permanently residing in the United States, as distinguished from temporary and in particular, the State of Hawaii. The facts further demonstrate that Petitioner and her attorney, Paul A. Lynch, have intentionally misrepresented Petitioner's status to both this Court and to the Ninth Circuit Court of Appeals. Attorney Lynch admits Petitioner applied for her Permanent Resident Card in 2003, before the *sua sponte* request from the Ninth Circuit for Petitioner to brief her immigration status. Petitioner's Permanent Resident Card was issued July 10, 2004, and is valid until July 8, 2014. She must have submitted her application to renew her Permanent Resident Card well in advance of its issuance. In any event, as represented by her counsel, she was applying to **renew** her status and was issued a new Permanent Resident Card in 2004, in advance of the Ninth Circuit decision which ruled that she could not have permanently moved to Hawaii because of her "temporary" immigration status.

Had the Ninth Circuit Court of Appeals known Petitioner had applied for **renewal** of and was issued a new Permanent Resident Card before their most recent decision, this case would have concluded years ago. The case may have been concluded at its inception if Petitioner had been forthcoming about here immigration status. Accordingly, the petition should be dismissed as being moot.

8

Alternatively, these proceedings should be continued and/or suspended pending a decision by the Ninth Circuit Court of Appeals of Respondent's intended motion to vacate the decision of August 10, 2004 and enter a dismissal of this case nunc pro tunc to March 3, 2003.

Finally, if this matter is not dismissed, Respondent should be granted leave to conduct further discovery based upon newly disclosed evidence.

DATED: Honolulu, Hawaii, March 30, 2007

                                                                                                                            */s/ Chunmay Chang*
                                                                               CHUNMAY CHANG
                                                                               Attorney for Respondent