IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN,    )<br>    )<br>    Plaintiff,    )<br>    )<br>    vs.    )<br>    )<br>JOHN R. REMIS, JR.,    )<br>    )<br>    Defendant.    )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯    ) | CIVIL NO. 00-00765 SPK-LEK |

## ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION

Before the Court is Respondent John R. Remis, Jr.'s ("Respondent") Motion for Reconsideration ("Motion"), filed December 26, 2006. Petitioner Catherine Jane Von Kennel Gaudin, now known as Lynch, ("Petitioner") filed her memorandum in opposition on January 9, 2007. Respondent filed his reply on January 23, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant case law, Respondent's Motion is HEREBY GRANTED for the reasons set forth below.

### BACKGROUND

The parties and the Court are familiar with the factual and procedural history of this case. The Court will only discuss

EXHIBIT A

the events that are relevant to the instant Motion.

On July 6, 2006, this Court set an evidentiary hearing in the instant case for October 24, 2006. At Petitioner's request, the district court continued the evidentiary hearing to November 21, 2006. The district court then continued the evidentiary hearing to November 28, 2006.[1]

On November 21, 2006, Petitioner filed her Motion to Quash Subpoena and/or for Protective Order ("Motion to Quash"), which sought an order quashing the subpoena "for Petitioner to show up at the hearing on November 28, 2006, with certain documents and records to testify about them."[2] [Motion at 1.] Petitioner's counsel stated that the subject documents related to Petitioner's immigration status. Counsel represented that Petitioner's immigration status remained unchanged since the Ninth Circuit requested letter briefs on the issue in February 2004. [Motion to Quash, Decl. of Paul A. Lynch at ¶¶ 2, 4.] The Motion to Quash did not include a copy of the contested subpoena.

The hearing on the Motion to Quash was set for December 22, 2006. On December 11, 2006, after Respondent failed

---

[1] The district court continued the evidentiary hearing several times thereafter. The matter is currently set for February 13, 2007.

[2] The declaration of counsel states that the subpoena ordered Petitioner "to show up at a hearing presently scheduled for November 28, 2006 . . . ." [Motion to Quash, Decl. of Paul A. Lynch at ¶ 2.]

to file a memorandum in opposition, this Court issued a minute order granting the Motion to Quash in part and denying it in part ("Order"). The Court ordered the subpoena quashed and denied the request for a protective order.

Respondent filed the instant Motion on December 26, 2006, seeking reconsideration of the Order. Counsel for Respondent explains that she mistakenly thought the deadline to file the memorandum in opposition to the Motion to Quash was December 14, 2006. That, however, is not the basis of the Motion. Respondent argues that reconsideration is warranted because the Order was based on a manifest error of fact. Respondent's counsel issued the contested subpoena on October 20, 2006 and it was returnable on October 24, 2006 ("October 2006 Subpoena"). The October 2006 Subpoena ordered Petitioner to appear at the October 24, 2006 evidentiary hearing and to bring documents relating to her immigration status. Respondent's counsel did not issue another subpoena for November 28, 2006, or for any other date. Respondent argues that the Court should have denied the Motion to Quash, either because it was moot or because it was untimely. Further, Respondent contends that Petitioner's immigration status is relevant to the issues in the evidentiary hearing and that a declaration by Petitioner's counsel is insufficient evidence of Petitioner's current status. Respondent includes a copy of the October 2006 Subpoena with the Motion.

3

[Exh. A to Motion.]

In her memorandum in opposition, Petitioner argues that the Court should deny the Motion because Respondent did not oppose the Motion to Quash and could have raised the arguments he now raises in an opposition to the Motion to Quash.  In addition, Petitioner did not file the Motion within ten days of the Order, as required by Local Rule 60.1.  Petitioner also argues that it was her counsel's understanding that a subpoena to appear at a particular court proceeding "floats" with the proceeding if the court changes the dates.  [Mem. in Opp. at 5.]  Petitioner acknowledges that, if the subpoena did not "float" with the new hearing date, the Motion to Quash would have been moot.  In that event, she asks the Court to revisit her request for a protective order, which would prevent Respondent from serving a similar subpoena for the new hearing date.  Petitioner also argues that the Motion to Quash was timely filed.  Finally, Petitioner argues that her immigration status is not relevant to the issue on remand from the Ninth Circuit, *i.e.* "whether any reasonable remedy can be forged that will permit the children to be returned to their home jurisdiction for a custody determination while avoiding the grave risk of psychological harm that would result from living with their mother." Gaudin v. Remis, 415 F.3d 1028, 1036 (9th Cir. 2005) (citation and quotation marks omitted).

4

In his reply, Respondent argues that there is no authority supporting the proposition that a subpoena "floats" with a new court date. Unless the court orders the subpoenaed person to appear on the continued date, the party who issued the subpoena must issue a new subpoena. Respondent also argues that the alleged irrelevancy of the documents requested in a subpoena is not grounds to quash the subpoena. Finally, if the Court denies the Motion, Respondent asks that the Court clarify whether he can seek the documents via another subpoena or another discovery method.

### DISCUSSION

There are three grounds for reconsideration of interlocutory orders:

(a) Discovery of new material facts not previously available;
(b) Intervening change in law;
(c) Manifest error of law or fact.

Local Rule LR60.1. Respondent argues that reconsideration of the Order is warranted because of a manifest error of fact.

### I.   Timeliness of the Motion

Motions for reconsideration under Local Rule 60.1(c) "must be filed not more than ten (10) <u>business</u> days after the court's written order is filed." Local Rule LR60.1 (emphasis added). The Court filed the Order on December 11, 2006 and Respondent did not file the Motion until December 26, 2006. The following days, however, did not constitute business days:

5

Saturday, December 16; Sunday, December 17; Saturday, December 23; Sunday December 24; and Monday, December 25, which was a legal holiday. The tenth business day after this Court filed the Order was December 26, 2006. Respondent, therefore, timely filed the Motion.

## II.  **Whether the Motion to Quash was Moot**

The October 2006 Subpoena directed Petitioner to appear at, and bring documents to, the October 24, 2006 hearing before the district court, but the district court continued the hearing. This Court agrees with Respondent that a subpoena to appear at a court proceeding does not automatically "float" to the new date when the court continues the proceeding. As a general rule, the continuance nullifies the subpoena. See, e.g., Compton v. Torch, Inc., No. Civ. A 99-0549, 2000 WL 622604, at *4 (E.D. La. May 11, 2000). The parties or the court, however, may take action to continue the subpoena to the new date. See, e.g., Am. Honda Fin. Corp. v. Salyer, Civil Action No. 3:03cv651-WHB-JCS, 2006 WL 2594543, at *1 (S.D. Miss. Sept. 8, 2006) (noting that trial subpoenas were continued to the new trial date); Dowe v. Nat'l R.R. Passenger Corp., No. 01 C 5808, 2004 WL 1393603, at *3 (N.D. Ill. June 22, 2004) (noting that court order continued trial subpoenas following mistrial); United States ex rel. Partee v. Lane, No. 87 C 2814, 1998 WL 71230, at *11 (N.D. Ill. June 24, 1998) (noting that Partee may be able to establish ineffective

6

assistance of counsel if counsel "failed to insure that the trial court continued Keesee's original trial subpoena until the continued trial date"). Absent such action, the continuance of the proceeding nullifies the subpoena and renders a motion to quash the subpoena moot. See Am. Honda, 2006 WL 2594543, at *1; Compton, 2000 WL 622604, at *4.

In the present case, the continuance nullified the October 2006 Subpoena because neither the district court nor Respondent's counsel took any action to continue it to the new hearing date. This Court therefore should have denied the Motion to Quash as moot. This Court finds that the Order was based on a manifest error of fact and law and that reconsideration is warranted.

Respondent's Motion is GRANTED. The Court's Order, filed December 11, 2006, is WITHDRAWN, and Petitioner's Motion to Quash is DENIED as moot.

## III. **Further Subpoena**

For the sake of completeness and because Respondent has stated his intention to issue another subpoena to Petitioner, the Court will address whether such a subpoena is proper.

First, the Court notes that courts and commentators have taken conflicting positions on the issue whether a party may serve a Federal Rule of Civil Procedure 45 subpoena on another party. See Mortgage Info. Servs., Inc. v. Kitchens, 210 F.R.D.

7

562, 564 (W.D.N.C. 2002) (discussing conflicting cases and treatises).  Having reviewed the case law and treatises, as well as the text of Rule 45 itself, the court in <u>Kitchens</u> held that a Rule 45 subpoena may be properly served on another party.  <u>See</u> <u>id.</u> at 565-66.  The court noted that the text of Rule 45 contains no limitation upon the persons who may be served; it refers to a "person" who may be served, rather than a "non-party".[3]  In describing who may serve a subpoena, Rule 45(b)(1) refers to a "person who is not a party".[4]  The drafters could have used the same language to limit who may be served with a subpoena, but they chose not to do so.  <u>See</u> <u>id.</u> at 565.  The court in <u>Kitchens</u> also noted that Rule 45 and Federal Rule of Civil Procedure 34 serve "fundamentally different purposes."  <u>See</u> <u>id.</u> (citing <u>Badman</u> <u>v. Stark</u>, 139 F.R.D. 601, 603 (M.D. Pa. 1991) (noting that "Rule 34 is invoked merely to inspect documents prior to trial,"

_____

[3] Rule 45(a) provides, in pertinent part:
    (1) Every subpoena shall
        .  .  .  .
        (C) command each <u>person</u> to whom it is directed to attend and give testimony or to produce and permit inspection, copying, testing, or sampling of designated books, documents, electronically stored information, or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified[.]
Fed. R. Civ. P. 45(a)(1)(C) (emphasis added).

[4] Rule 45(b)(1) states, in pertinent part: "A subpoena may be served by any person who is not a party and is not less than 18 years of age." Fed. R. Civ. P. 45(b)(1).

whereas "Rule 45 is utilized to compel production of documents for use at depositions or the trial")). This Court agrees with the reasoning in <u>Kitchens</u> and concludes that a Rule 45 subpoena may be served on a party.

That alone does not end the inquiry. The majority rule is that a Rule 45 subpoena is considered discovery. <u>See</u> <u>id.</u> at 566 (citing cases). In the present case, this Court did not provide for discovery in connection with the evidentiary hearing. Thus, if Respondent's subpoena is considered discovery, it would be improper. There are circumstances, however, where a subpoena is not considered discovery. <u>See</u> <u>id.</u> at 567 (citing <u>Rice v.</u> <u>United States</u>, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995) (clarifying that "not all uses of Rule 45 subpoenas would constitute discovery and thereby be affected by discovery deadlines. For instance, a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery."); <u>Puritan Inv. Corp. v. ASLL Corp.</u>, No. Civ. A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997) (finding that "[t]rial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery")) (some citations omitted). The parties apparently presented information about Petitioner's immigration status in supplemental briefing to the

Ninth Circuit before its 2004 decision.  <u>See</u> <u>Gaudin v. Remis</u>, 379
F.3d 631, 637 n.1 (9th Cir. 2004) ("<u>Gaudin II</u>").  Thus, the
information Respondent now seeks from Petitioner is an update of
previously disclosed information.  Respondent does not seek
discovery regarding new matters.  This Court therefore finds that
a subpoena requesting the same documents referenced in the
October 2006 Subpoena would not be discovery.

Finally, the Court finds that the documents requested
in the October 2006 Subpoena are relevant to this case.[5]  In
<u>Gaudin II</u>, the Ninth Circuit expressly declined to reconsider its
holding in <u>Gaudin v. Remis</u>, 282 F.3d 1178 (9th Cir. 2002), that
"if a Hague Convention petitioner moves permanently to the same
country as the abductor, the petition is moot because no
effective relief remains for us to grant."  <u>Gaudin II</u>, 379 F.3d
at 636.  Thus, at anytime, if Petitioner moves permanently to the
United States, the instant case becomes moot.  In <u>Gaudin II</u>, the
Ninth Circuit ruled that, based on Petitioner's immigration
status at that time, Gaudin could not possess the required intent

---

[5] The Court disagrees with Respondent's argument that
Petitioner may not object to the subpoena on relevancy grounds.
Respondent cites <u>Blair v. United States</u>, 250 U.S. 273 (1919),
which the Supreme Court states that a witness who has been
subpoenaed to testify "is not entitled to urge objections of
incompetency or irrelevancy, such as a party might raise, for
this is no concern of his."  <u>Blair</u>, 250 U.S. at 282 (citing
<u>Nelson v. United States</u>, 201 U.S. 92, 115 (1906)).  Petitioner is
not just a witness, she is also a party, and therefore should be
entitled to object to the relevance of a subpoena.

to move permanently to Hawai`i. <u>See</u> <u>id.</u> at 638. Petitioner's immigration status may have changed since that time and her immigration documents are relevant to the instant proceedings. This Court therefore finds that Respondent may issue a new subpoena, returnable on the date of the new evidentiary hearing, requesting the documents referenced in the October 2006 Subpoena.

## CONCLUSION

On the basis of the foregoing, Respondent's Motion for Reconsideration, filed December 26, 2006, is HEREBY GRANTED. This Court's Order, filed December 11, 2006, is STRICKEN and Petitioner's Motion to Quash Subpoena and/or for Protective Order, filed November 21, 2006, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, January 29, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


<u>CATHERINE JANE VON KENNEL GAUDIN V. JOHN R. REMIS, JR.</u>; CIVIL NO. 00-00765 SPK-LEK; ORDER GRANTING RESPONDENT'S MOTION FOR RECONSIDERATION