LYNCH ICHIDA THOMPSON KIM & HIROTA
A Law Corporation

PAUL A. LYNCH 661-0
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Telephone: 528-0100

Attorney for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE<br>VON KENNEL GAUDIN, nka LYNCH,<br><br>            Petitioner,<br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>            Respondent. | ) CIVIL NO. 00-0765 SPK (LEK)<br>)<br>) DECLARATION OF PAUL A. LYNCH;<br>) CERTIFICATE OF SERVICE<br>)<br>) Hearing: November 28, 2006<br>) Time:   10:00 a.m.<br>) Judge:   Samuel P. King<br>)<br>) |

## DECLARATION OF PAUL A. LYNCH

I, PAUL A. LYNCH, declare as follows:

1. I am the attorney representing Petitioner CATHERINE JANE VON KENNEL GAUDIN, nka LYNCH, in the above matter and am duly qualified to practice law in the State of Hawaii and before this Court. I am a director and officer of Lynch Ichida Thompson Kim & Hirota, a Law Corporation, and have been practicing in this jurisdiction since November, 1965. I make this declaration based on personal knowledge and I am competent to testify about the matters set forth in this declaration.

2. I have been since June 29, 2001, Petitioner's husband, and we reside in our home at 539 B Keola Drive, Kailua, Hawaii 96734.



EXHIBIT A

3. Any and all statements made by me as to factual allegations and the papers prepared and filed in this case by me for this hearing, including the Trial Brief, and the Rule 60(b) Motion that was filed herein on December 7, 2001 (a Motion to Entertain which was denied by the Judge under the unique procedure employed by only the Ninth Circuit Court of Appeals in the United States), are averred by me to be accurate and the information and knowledge was acquired either directly by me or in my role as Attorney for Petitioner in this case and during these proceedings and the ones in state court, and I am competent to testify thereto.

4. In accordance with the foregoing statement, I verify and authenticate the Trial Brief filed herein and the Rule 60(b) Motion and all allegations, transcript and record references therein contained as being accurate and true representations or copies of what they purport to be and the allegations contained therein of factual matters to those within court record or of my own personal knowledge, and which are, in sundry and different ways, relevant and germane to the proceedings filed on November 22, 2000, in the United States District Court for the District of Hawaii as and for a Petition by Petitioner for declaration of her rights under the Hague Convention and the implementary ICARA legislation.

5. I have filed a Motion to Quash Subpoena that was served upon Petitioner relative to a certain subject matter from and since the year 2000 to the present time on and for the grounds stated in said Motion to Quash, as an attempt to engage in discovery at the time of and during a substantive evidentiary hearing mandated by the decision of the Court of Appeals for the Ninth Circuit issued on July 18, 2005 in this case. I hereby recite for the record under oath for myself and my client that I was instructed by order of the Ninth Circuit Court of Appeals' panel handling Petitioner's appeal from the decision of the United States District Court dated March 3,

2003, relative to a determination that Petitioner was a permanent resident of the State of Hawaii and, pursuant to an earlier mandate of a different panel of the Circuit Court of Appeals for the Ninth Circuit, dismissed the case as moot, to prepare a letter brief delineating Petitioner's then immigration status. For purposes of this declaration and these proceedings, I merely recite that since the letter brief was prepared in February of 2004, there has been no application nor action taken of which the Petitioner or I am aware that in any way affects or changes her immigration status as determined by the Ninth Circuit Court of Appeals in the year 2004.

6. It is Declarant's position that Petitioner has put on her case and has shown her entitlement, and did so on Friday, December 8, 2000, to her rights under the Hague Convention and the ICARA legislation, to have her two boys returned to her in Quebec so that if there were to be proceedings relative to a change in custody, those proceedings would take place in the Province of Quebec in the country of Canada, or it would take place in their "habitual place of residence" which the Court correctly determined to be Hudson, Quebec, Canada in December of 2000. And for those reasons on this remanded hearing there is nothing Petitioner needs add.

7. Declarant refers the Court to the Trial Brief in which the position taken on behalf of Petitioner is as follows: We do not believe that anybody can in good faith and in good conscience find a continuation of any "grave risk of psychological harm", notwithstanding the submissions attempted to be made in this case, inasmuch as the circumstances revealed under the Rule 60(b) Motion, and the fact that the Petitioner has had no contact with the children for reasons relating to her desire to avoid undue friction for her children, and her and her counsel's belief that as a result of the delay in scheduling this hearing past the 16th birthday of the older child, John Remis IV, that a decision had already been made as to the outcome of this matter, and

that notwithstanding the present age of the younger child and there obviously has been influenced by their living with their father for the past six years as revealed by their declarations.

8. The undersigned has been aware of and participated in events as to which I can conclude and do testify that the few attempts made by the Mother of these two boys to see them or communicate with them have been met with their hanging up on her on the telephone, with the encouragement as stated under oath by Respondent, of the Respondent and the refusal by Respondent to allow Ms. Merez to speak with Petitioner in Declarant's presence, as related to Declarant by Ms. Merez.

9. I have also been aware that communication and time spent between Petitioner's other two children, fully grown women who are half-sisters to the two boys involved in this case, has been consistently and overtly closed down and rendered ineffective over the period of the last 6 years.

10. Declarant and Petitioner have also had as guests in our home the two grown women who are the daughters of Petitioner and their two children. The older daughter has a two-year old boy and the younger daughter has a one-year old girl. I have had many occasions to observe Petitioner and her interactions with her children and her grandchildren, and I can and do testify and verify that she is an extraordinarily caring and loving mother and grandmother, vilification by Respondent and the two boys to the contrary notwithstanding. As the second oldest of ten children in my own family, I feel I have some expertise and experience in evaluating these attributes.

11. There is much more that I could say that would be directly contrary to the allegations made in some of the Declarations filed by or on behalf of Respondent, but I believe

they are not irrelevant to what the end, goal and purpose of the Hague Convention is, and for that reason believe that it is an expenditure of time and effort to counter allegations that under the provisions of the International Child Abduction Remedies Act that do not merit reply.

    I, PAUL A. LYNCH, do declare under penalty of perjury under the laws of the State of Hawaii that the foregoing is true and correct.

    Executed at Honolulu, Hawaii, on November 21, 2006.

                                                     */s/ Paul A. Lynch*
                                                     PAUL A. LYNCH

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE<br>VON KENNEL GAUDIN, nka LYNCH,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>    Respondent. | ) CIVIL NO. 00-0765 SPK (LEK)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was duly served upon the following by hand delivering a copy of same, on this date, addressed as follows:

CHUNMAY CHANG, ESQ.
737 Bishop Street, Suite 2100
Honolulu, Hawaii 96813

  DATED:  Honolulu, Hawaii, November 21, 2006.

                       _____
                       PAUL A. LYNCH
                       Attorney for Petitioner