ORIGINAL

LYNCH ICHIDA THOMPSON KIM & HIROTA
A Law Corporation

PAUL A. LYNCH
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: pal@loio.com
        Sjk@loio.com
Attorney for Petitioner

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 3 2007

at ___ o'clock and ___ ___
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, | ) CIVIL NO. 00-00765 SPK LEK<br>) (Other Statutory Actions)<br>) |
| Petitioner, | ) PETITIONER'S MEMORANDUM IN<br>) OPPOSITION TO RESPONDENT'S |
| vs. | ) MOTION IN LIMINE FILED MARCH<br>) 30, 2007; CERTIFICATE OF |
| JOHN R. REMIS, JR., | ) SERVICE<br>) |
| Respondent. | ) Hearing Date: May 9, 2007<br>) Time:    10:00 a.m.<br>) Judge:   The Honorable Samuel P. King<br>) |

PETITIONER'S MEMORANDUM IN OPPOSITION TO
RESPONDENT'S MOTION IN LIMINE FILED MARCH 30, 2007

Comes now Petitioner CATHERINE JANE VON KENNEL GAUDIN nka

LYNCH (hereinafter "Petitioner"), by and through her attorneys, Lynch Ichida

Thompson Kim & Hirota, and files her Memorandum in Opposition to Respondent's Motion In Limine, filed herein on March 30, 2007.

(1) Petitioner has filed a Motion to Strike All Declarations of Respondent and frankly assumes that if that motion is granted, then Petitioner's counsel's Declaration filed herein would also be stricken;

(2) If Petitioner's Motion to Strike All Declarations is not granted, then Petitioner's response to Respondent's Motion with respect to paragraph 8 of Attorney Lynch's declaration as to exclude it as "hearsay", citing Federal Rules of Evidence, Rule 802, is without merit inasmuch as the objection is grounded on hearsay, in that the events characterized in paragraph 8 of Attorney Lynch's Declaration have been verified under oath by Respondent's prior testimony;

(3) And secondly, to the extent that Attorney Lynch's declaration relative to Respondent's participation by his refusal to allow Ms. Merez to speak with Petitioner in declarant's presence was information related to declarant by Ms. Merez, it was a declaration of Respondent John R. Remis, Jr., and is therefore an exception to the hearsay rule as an admission against interest, since Ms. Merez is Mr. Remis' agent;

(4) With respect to exclusion of paragraphs 9 and 10 of Attorney Lynch's declaration, citing Federal Rules of Evidence, Rule 402, as to relevance, Petitioner

will concede them to be "irrelevant" and is willing to have them excluded if, as and when, and to the same extent that all similar conclusory statements made by declarants proffered by Respondent John R. Remis, Jr., are stricken, which comprises most of the contents of the declarations, since they are objectionable as both hearsay and irrelevant. After all, this is NOT a custody proceeding. The same thing is true of paragraph 10 to the extent that any comment by Respondent and/or his two boys has to do with the relationship between them, inferentially or otherwise, and/or the relationship of the two boys with the Petitioner, their mother. The Petitioner is willing to concede the exclusion of the statements in paragraph 10, but only if, as, and to the extent that all such similar statements with respect to the relationship between Respondent and the two minor boys involved in this case are similarly treated, and that treatment extends to, and includes, comments by Ms. Merez and witness Deering. Lastly, in passing, counsel for Petitioner believes that his expertise and experience in evaluating the attributes mentioned in paragraph 10 in Attorney Lynch's declaration is valid.

(5)   The Respondent objects to and wants excluded paragraphs 4 and 7 of the declaration of Paul A. Lynch, Attorney for Petitioner, dated November 21, 2006, relating to the Petitioner's prior trial brief and Rule 60(b) motion and allegations, transcripts and record (Exhibit 1 in this proceeding) on the ground that

reference to these particular documents and their contents should not be permitted, as evidence at this hearing, as the remand clearly directed this Court to determine "grave risk of harm" as it may exist today, not in the year 2000. That is absolutely irrelevant, and inaccurate, however, with respect to the purpose(s) and relevance and use in proffering of the material in paragraphs 4 and 7 and Exhibit 1 by Petitioner. By virtue of the decision of July 18, 2005, *Gaudin III*, Petitioner has "won" her Hague Petition and done so as of December 8, 2000. The relevance of finding whether there is a "grave risk of harm" now may be appropriate. However, the fact of the matter is that there has been fraud practiced in, and perpetrated upon, this Court, and that is not to be swept under the rug. The motives, methods, conduct, and character of the person who wrongfully retained these boys contrary to law, predicated on misrepresentations by his chosen "professional" is relevant, pertinent, colors this entire proceeding and has bearing on the decision and outcome of this case. For example, his use of a psychologist before is relevant to his use of one here now, and it is relevant to how Respondent should be treated.

Exhibit 1 and Petitioner's attorney's declaration or testimony demonstrates conclusively that, had there <u>not</u> been fraud, these children would have been sent back to Quebec, Canada, and that is so, regardless of whatever decision may be

made in this case in 2007, six and one-half years later.  For that reason, Petitioner is entitled to have her son returned to Quebec and to have her attorney's fees and costs, not only for her original trip to Honolulu for the hearing on December 8th, 2000, but also the fees and costs incurred by her subsequent to that date, for having to do all that has been done in the last 6.5 years.

Put another way, for Respondent to object to consideration of the content of paragraphs 4 and 7 is literally adding insult to injury.

DATED:    Honolulu, Hawaii, April 13, 2007.

_____
PAUL A. LYNCH
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN,  Petitioner,  vs.  JOHN R. REMIS, JR.,  Respondent. | ) CIVIL NO. 00-00765 SPK LEK<br>) (Other Statutory Actions)<br>)<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon the following by depositing same in the United States mail, postage prepaid, addressed as follows:

    Chunmay Chang, Esq.
    737 Bishop Street, Suite 2100
    Honolulu, Hawaii 96813
    Attorney for Respondent

DATED:   Honolulu, Hawaii, April 13, 2007.

                                              _/s/ Paul A. Lynch_
                                              PAUL A. LYNCH
                                              Attorney for Petitioner