ORIGINAL

LYNCH ICHIDA THOMPSON KIM & HIROTA
A Law Corporation

PAUL A. LYNCH
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: pal@loio.com
Sjk@loio.com
Attorney for Petitioner

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 13 2007

at 4 o'clock and 37 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN,<br><br>Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>Respondent. | ) CIVIL NO. 00-00765 SPK LEK<br>) (Other Statutory Actions)<br>)<br>) PETITIONER'S MEMORANDUM IN<br>) OPPOSITION TO RESPONDENT'S<br>) MOTION TO DISMISS PETITION AS<br>) MOOT AND ALTERNATIVELY TO<br>) CONTINUE HEARING AND GRANT<br>) LEAVE TO CONDUCT DISCOVERY<br>) FILED MARCH 30, 2007;<br>) CERTIFICATE OF SERVICE<br>)<br>) Hearing Date: May 9, 2007<br>) Time:        10:00 a.m.<br>) Judge:   The Honorable Samuel P. King<br>) |

PETITIONER'S MEMORANDUM IN OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT
AND ALTERNATIVELY TO CONTINUE HEARING AND
GRANT LEAVE TO CONDUCT DISCOVERY FILED MARCH 30, 2007

Comes now Petitioner CATHERINE JANE VON KENNEL GAUDIN nka LYNCH (hereinafter "Petitioner"), by and through her attorneys, Lynch Ichida Thompson Kim & Hirota, and files her Memorandum in Opposition to Respondent's Motion to Dismiss Petition as Moot And Alternatively to Continue Hearing and Grant Leave to Conduct Discovery, filed herein on March 30, 2007.

It is apparent that the Respondent and his attorney are engaging in exactly the conduct decried in Petitioner's Motion to Strike (see Memorandum in Support, pp. 19-30): They have taken a position that is predicated on not only the citation of absolutely no law, but also based totally on the initial confusion apparent at the hearing on February 13, 2007, on the part of the Court as to the decision labeled *Gaudin II*, 379 F.3d 631 (9th Cir. 2004), filed on July 18, 2004 declaring that the District Court's decision that the Petitioner was a permanent resident of the State of Hawaii and that therefore the case was moot under the rule promulgated in *Gaudin I*, 282 F.3d 1178 (9th Cir. 2002) was erroneous for the reason that Petitioner's immigration status as a "lawful permanent resident"(green card) was "abandoned" as a matter of law. Petitioner moved to and resided in Canada for almost 7 years without the legally required intent and contact with the United States in order to maintain her status as a "lawful permanent resident" and thus she "lost her" status: in other words, she was deemed <u>legally</u> to have "abandoned" it.

2

Therefore, the fact that she had an unexpired "green card" when she came into the United States in December of 2000 had nothing to do with the determination by the Ninth Circuit as to what her legal status was at that particular time and thereafter. The Court adjudicated her to be "a visitor". Respondent and his attorney filed a letter brief urging the Court that Petitioner was a "permanent resident". Respondent had an attorney present in San Francisco for oral argument. They have known this for three (3) years now.

The summary then of what the Ninth Circuit decided on this issue is as follows:

    a.    From pages 2-4 of Petitioner's Letter Brief to the Ninth Circuit dated February 4, 2004:

> On January 19, 1994, Appellant, with her two sons, John and Andreas Remis moved to Hudson, Quebec. Appellant purchased a home in Hudson, Quebec, was a full-time mother and homemaker and took up part-time employment in Canada.
>
> Appellant did not return to Hawaii until December 7, 2000. The purpose of that trip was to attend a Hague Hearing in the United States District Court for the District of Hawaii.
>
> Appellant remained outside the United States for a period of more than six (6) years. Title 8 Code of Federal Regulations §211.1(a) states "that each arriving alien applying for admission into the United States for lawful permanent residence, or as a lawful permanent resident returning to an unrelinquished lawful permanent residence in the United States, shall present one of the following: (1)

3

a valid, unexpired immigrant visa; (2) A valid, unexpired Form I-551, Permanent Resident Card, if seeking readmission after a temporary absence of less than **1 year....**" Emphasis Added. Appellant had neither of these documents, nor did she meet any other of the qualifications cited in subparagraphs (3) through (7) of this cited regulation. See **CHAVEZ-RAMIREZ v. INS, 792 F. 2d 932,937 (9TH Cir. 1986); INA § 211(b), 8 U.S.C. § 1181(b); 8 C.F.R. §§211.1(a),(b).**

The facts of this case dictate that Appellant had abandoned her permanent residence in the United States when she entered the United States in December 2000. She left the United States in 1994 with the intention of taking a permanent domicile in Canada, purchased a home, took up employment and put her children in school. Even had Appellant made brief visit to the United States she would have to have been found to have abandoned her lawful permanent residence in the United States. See **Matter of Kane, 15 I & N Dec. 258 (BIA 1975); Matter of Montero, 14 I & N Dec. 399 (BIA 1973); Matter of Davis, 16 I & N Dec 514, 526(BIA 1978); Santos v. INS, 421 F.2d 1303 (9th Cir. 1970).**

The abandonment of her lawful permanent residence did not preclude Appellant from entering the United States as a visitor pursuant to **section 101(a)(15)(B) of the INA, 8 U.SC. 1101(a)(15)(B).** Canadian citizens are exempt a visa when entering the United States as a visitor. However, entering as a visitor does not confer permanent residence upon any alien. In fact it confers just the exact opposite, the alien must have a foreign residence they do not intend to abandon. **Section 101(a)(15)(B)** states: "an alien ... having **a residence in a foreign country which he has no intention of abandoning** and who is visiting the United States temporarily for business or temporarily for pleasure." This is exactly what occurred with the Appellant upon her entry in December 2000. She was coming on business for the Hague Hearing in the United States District Court and she had a residence in Canada that she did not intend to abandon. Therefore, she was a visitor for business at the time of her entry in December 2000.

      Appellant returned to Canada after that initial Hague Hearing in December 2000. She subsequently made entries into the United States in January 2001 and February 2001 to assist her attorney in preparing appeal briefs. With the abandonment of her permanent residence in the United States after her prolonged absence, her subsequent admissions would have to be considered as a visitor and not as a permanent resident. Regardless of her perception of her status, according to the immigration law, regulations and case law the Appellant was legally entering the United States as a visitor and therefore her stay in the United States was as a visitor and not as a permanent resident.

      b.     The Ninth Circuit in *Gaudin II, op cit. supra,* approved of the United State District Court's use of "deomicile" as a measure of whether one has moved "permanently" to Hawaii:

> . . . if it was shown that Gaudin had moved to Hawaii for the sole purpose of regaining custody of the children to return to Canada, her petition would not be moot.

Id. At 637.

      c.     Furthermore, and most significantly, the Court went on to determine and adjudicate the pertinent issue as follows:

> "Notwithstanding the objective evidence of Gaudin's move to Hawaii and the uncertainty concerning her subjective intent to relocate permanently there, we disagree with the district court's conclusion. We base our judgment on the fact that, at present, Gaudin is precluded by law from relocating permanently to the United States. Gaudin is a Canadian citizen who has invoked the Immigration and Nationality Act ("INA") § 101(a)(15)(B), 8 U.S.C. § 1101(a)(15)(B), as the basis for her current presence in the United States. That provision describes, in relevant part, the following class

5

of "non-immigrant aliens": "an alien . . . having a residence in a foreign country *which he has no intention of abandoning* and who is visiting the United States *temporarily for business or temporarily for pleasure.*" *Id. (emphasis added).*

> The Supreme Court has cited this provision as an example of a statute in which "Congress has precluded the covered alien from establishing domicile in the United States." *Toll v. Moreno,* 458 U.S. 1, 14, 73 L. Ed. 2d 563, 102 S. Ct. 2977 ( n.20 (1982). Indeed the Court has referred to Section 1101(a)(15)(B) as a statute in which Congress "expressly conditioned admission . . . on an intent not to abandon a foreign residence or, by implication, on an intent not to seek domicile in the United States." *Elkins v. Moreno,* 435 U.S. 647, 665, 55 L. Ed. 2d 614, 98 S. Ct. 1338 (1978). In *Carlson v. Reed,* 249 F.3d 876 (9th Cir. 2001), we held that even if an alien temporarily in the United States "could establish a subjective intent to remain permanently in [a state]," she would "lack[] the legal capacity to establish domicile in the United States." *Id.* At 881; *see also Graham v. INS,* 998 F.2d 194, 196 (3d Cir. 1993) ("If petitioner complied with the terms of his temporary worker visa, then he could not have had the intent necessary to establish a domicile in this country. On the other hand, if he did plan to make the United States his domicile, then he violated the conditions of his visa and his intent was not lawful. Under either scenario, petitioner could not establish 'lawful domicile' in the United States while in this country on a nonimmigrant temporary worker visa.").
>
> In sum, we conclude that Gaudin is barred by law from possessing the requisite intent to establish domicile in Hawaii. Because she cannot lawfully have moved permanently to Hawaii, the case is not moot . . . ."

*Id*. at 637-638.

The foregoing is the sum, substance and totality of the decision of the Ninth

Circuit in *Gaudin II* which means that the application before the assumed

6

expiration of her previous "green card" for a renewal of card was an act of no force and effect whatsoever, as it was an act predicated on a mistaken notion of the existence of a valid "lawful permanent resident" status as of the date of expiration of the prior green card.

The point to all this is that Respondent and his attorney are not even dealing with an actual issue. They are totally assuming a state of fact and law they assert baldly, without more, to mislead the Court. The point is that regardless of what Petitioner may have perceived, SHE DID NOT HAVE A VALID STATUS AS A "LAWFUL PERMANENT RESIDENT" when she applied for a "renewal" of that which did not exist and could not therefore be obtained with such an application.

Therefore, ignoring absolutely, deliberately and intentionally all of the foregoing immigration law and the law of the case by the Ninth Circuit, the Respondent has no facts, has not cited any facts, and has had two-and-one-half years to do whatever discovery they felt that they wanted or needed to do (not that it would yield anything), and yet their entire 7 page memorandum in Support of their motion is predicated on the _assumption_ that there was a lie by Petitioner and her counsel (this, of course, is farcical and hypocritical given the justified revelations in Petitioner's Memorandum in Support of her Motion to Strike about the fraud on the Court that has been and is being committed in this case by

Respondent and his attorney on several different occasions, and is redolent of the aphorism that sometimes the best defense is a hard offense). In other words, ignoring the issue, as they must because they have nothing to support it, they make an unsupportable argument. The Respondent and his attorney want the Cou8rt to believe that the existence of a plastic card generally known as a "green card" has to mean (why and how is unexplained, and in fact in law cannot be) that the abandonment legally declared by the Ninth Circuit is somehow magically done away with by an application for a renewal of a card that does not exist. Of course one cannot "renew" that which does not exist. A purported "renewal" is therefore of no force and effect.

The Respondent and his attorney do not explain in any fashion whatsoever how the result they desire exists or could possibly exist. The undersigned concludes that this is yet another deliberate and intentional effort on the part of the Respondent and his attorney to confuse the situation. This tactic is referred to by Petitioner's attorney in his Memorandum in support of Petitioner's Motion to Strike as "SOW" (stuff on the wall) method of practicing law. That is, when one does not have a legal position, take one that is totally inapplicable, but that might nonetheless serve as a diversion or distraction to anybody who is not well versed in the particular rule of law involved. And given that there is no other position to

take that is applicable and on point, the position is of no harm if it is correctly perceived as being irrelevant, as it will be discarded.  Sometimes, however, erroneous propositions are adopted, resulting at minimum in appeals and/or delays.  There are, for example, two issues at hand in Hague Convention law: there have been any number of decisions that deny the Hague Petition on one or more grounds of "abstention".  Any one knowing abstention law, and anyone knowing what the Hague Convention is about, could not possibly apply the latter to the former, and yet a number of judges have done so, all of which to my knowledge have been reversed for the reason that they are just not applicable at all.  The undersigned believes that the rule promulgated in *Gaudin I* is such an instance.  Unfortunately, correcting an error at the Court Appeals level is time-consuming and difficult.

The attempt by Respondent and his attorney to put the hearing over for 90 days is just another attempt at delay, the cumulative effects of these delays initiated by the Respondent and appeals and hearings by the courts involved now being more than 6 and one-half years.  Not only was there delay by the Court notwithstanding contrary admonition by the Ninth Circuit in *Gaudin III* in July, 2005, so as to take this hearing beyond the birthday of the older boy but Respondent and his attorney are attempting yet again to get more time.   They have

9

had three years since the oral argument in San Francisco on this immigration issue on February 11, 2004; two years and eight months since the decision in *Gaudin II*, on August 10, 2004; one year and nine months since the decision in *Gaudin III* on July 18, 2005; and nine months since July 6, 2006, notice of hearing on remand was received by Respondent. This present request for time to do discovery is patently absurd.

There are only two things on this remand: grave risk of harm and/or maturity. If they cannot make their case, they should withdraw. There should not be any more delay, fishing expeditions or bad faith.

Lastly, the statement that Respondent and his attorney want 90 days to file an emergency petition with the Ninth Circuit for a reversal of the decision of August 10, 2004, is for all of the foregoing reasons one made in bad faith and intentionally so.

    DATED:   Honolulu, Hawaii, April 13, 2007.

                                                    /s/ Paul A. Lynch
                                                  PAUL A. LYNCH
                                                  Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, | ) CIVIL NO. 00-00765 SPK LEK<br>) (Other Statutory Actions)<br>) |
| Petitioner, | ) CERTIFICATE OF SERVICE<br>) |
| vs. | )<br>) |
| JOHN R. REMIS, JR., | )<br>) |
| Respondent. | )<br>)<br>) |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon the following by depositing same in the United States mail, postage prepaid, addressed as follows:

>   Chunmay Chang, Esq.
>   737 Bishop Street, Suite 2100
>   Honolulu, Hawaii 96813
>   Attorney for Respondent

DATED:   Honolulu, Hawaii, April 13, 2007.

_____
PAUL A. LYNCH
Attorney for Petitioner