ORIGINAL

CHUNMAY CHANG #3302
737 Bishop St., Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 536-2288
Facsimile: (808) 536-8807

Attorney for Respondent

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN nka LYNCH,<br><br>Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR<br><br>Respondent. | CIVIL NO. 00-00765 SPK<br><br>RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION TO STRIKE FORMAT, ALL DECLARATIONS AND DISMISS ARTICLE 13 DEFENSES; CERTIFICATE OF SERVICE<br><br>Motion Date: May 9, 2007*<br>Time: 10:00 AM<br>Senior Judge: Samuel P. King |

RESPONDENT'S MEMORANDUM IN OPPOSITION TO PETITIONER'S
MOTION TO STRIKE FORMAT, ALL DECLARATIONS AND ARTICLE 13 DEFENSES

Respondent John R. Remis, Jr., (hereinafter "Respondent Remis") by and through his attorney Chunmay Chang, hereby submits his opposition to Petitioner's Motion to Strike as follows:

1. At page 2 of Petitioner's Memorandum in Support of Motion ("Memo") Petitioner Lynch suggests no controversy exists as to the place of habitual residence. The crux of this case, with Petitioner's disclosure of her permanent resident status, is now focused on "the habitual place of residence." It is no longer obvious or 'uncontrovertible' that Quebec, Canada, is the children's place of habitual residence. With the stipulated facts submitted previously for the

---

*Petitioner served a blank return date but the court already set the hearing for May 9, 2007.

hearing on January 10, 2003, this court determined that Petitioner has permanently relocated to Hawaii. Upon appeal by Petitioner, the Ninth Circuit determined that this court erred because Petitioner's immigration status prohibited her from establishing a permanent residence in Hawaii. Now that Petitioner has disclosed her status as a U.S. permanent resident for which she applied for renewal sometime prior to the August 10, 2004, the Ninth Circuit's decision is thus based on an erroneous fact provided by the Petitioner. Accordingly, Petitioner has established permanent residence in Hawaii, which renders Canada no longer the "habitual place of residence." The petition should be dismissed.

      2.      Petitioner Lynch next claims that Respondent Remis intentionally prolonged the proceedings. Such claim is without merit. An examination of the events since the Ninth Circuit's remand on August 2005, shows Respondent Remis has not caused any delay. After the remand, the parties appeared before Magistrate Judge Kobayashi in September 2005, at which time the court took under advisement the matter regarding the appointment of a guardian for the children. In July 2006, Magistrate Judge Kobayashi issued a scheduling order setting the matter for a hearing on the merits for October 2006. Shortly before the hearing, Petitioner Lynch sought a continuation of the hearing by claiming she never received the July scheduling notice. In the meantime, Respondent Remis had timely submitted declarations and exhibits pursuant to Magistrate Judge Kobayashi's Order. The hearing was re-set for November 28, 2006 and again delayed by Petitioner Lynch filing a Motion to Quash Respondent's subpoena duces tecum. At Petitioner Lynch's request, the hearing was continued to February 13, 2007. On February 13, 2007, Respondent Remis appeared with witnesses and was ready to proceed on the merits. Petitioner Lynch, however, for the first time objected to the format that was ordered in the July 2006 order of Magistrate Judge Kobayashi. At Petitioner Lynch's request, the hearing on the

merits was continued again. It is now scheduled for May 9, 2007. It is difficult to understand Petitioner Lynch's complaint that Respondent Remis is responsible for the delays.

3. Petitioner Lynch now objects to the format outlined in Magistrate Judge Kobayashi's July 2006 order but cites to no authority. Furthermore, by Order of Senior Judge Samuel P. King on October 23, 2006, the parties were again directed as follows: "Each party is to file its proposed finding of fact and conclusions of law by November 21, 2006. By November 21, 2006, the parties shall file and provide the court and opposing counsel with a declaration setting forth the direct testimoy of any wintesses that party intends to call to testify at trial. The declaration shall be in lieu of examination unless opposition counsel stipulates that no cross-exmanination is requested." No objection to this second "format" order was made by Petitioner Lynch. Petitioner Lynch's attorney himself followed that format and submitted a very long declaration. Having not filed any objection to either the July 2006 order or the October 23, 2006 order, Petitioner Lynch has waived any objection thereto. Local Rule 60.1 governs motions for reconsideration of interlocutory orders. No such motion was filed by Petitioner Lynch. Petitioner Lynch is bound by the orders.

If a declaration contains hearsay or other objectionable statements, Petitioner Lynch may address those by a motion in limine or more appropriately by cross-examining the witness and asking the court to strike that portion of the declaration. The suggested format would speed up the hearing, whereas Petitioner Lynch's apparent wish to have each witness give live testimony rather than by declaration would prolong the process, especially in light of Petitioner Lynch's attorney stating, in effect, he will cross-examine for days. Furthermore, it is within this court's discretion to proceed in the manner ordered.

Given the the absence of any authority, the lack of a motion for reconsideration and Petitioner Lynch's compliance with said orders, Petitioner Lynch's motion to strike the declaration and/or format should be denied.

4. Petitioner Lynch next moves to strike Respondent Remis's Article 13 defense and facts contained in the witnesses' declaration as irrelevant. Such request is meritless. The Ninth Circuit's judgment of remand was clear:

    A.    Based on the current evidence, would the return of Andreas subject him to grave risk of psychological harm?

    B.    If so, could an undertaking be fashioned to avoid such risk when returning Andreas to Canada?

    C.    If there is no psychological harm, is Andreas of sufficient age and maturity that the court should consider and honor his objections to being returned to Canada?

All of the allegedly 'irrelevant' facts Petitioner Lynch claims having to do with 'best interest' and custody issues are all pertinent to the issues on remand. Andreas' experience and his likes and dislikes are directly connected with the psychological harm if separated from Johnny and his father and are also relevant to his maturity and ability to express his objection to being returned to Canada.

Petititioner Lynch, in an inappropriate exercise of appellate authority, suggest Respondent's Article 13 defenses be striken. The remand decision confers Respondent's rights in this proceeding, as does the Hague Convention, not Petitioner's interpretations and ramblings.

4

5.  At this point, Petitioner Lynch has the burden to show Canada remains the habitual place of residence. As discussed fully in Respondent Remis's motion to dismiss filed March 30, 2007, Canada is no longer the habitual place of residence per Petitioner's permanent residence in U.S., the petition should be dismissed.

6.  Petitioner Lynch's right to privacy and religious freedom remain intact and irrelevant provided that they are not harmful to the child. Respondent Remis has previously stated he does not have a quarrel with Petitioner Lynch's religion but the manner in which she applies it to the children that is harmful and abusive, emotionally and psychologically, and in Johnny's case, physical as well. If her practice and belief are harmful to the child, then they are relevant and not protected by privacy or otherwise. Although the Hague Convention addresses the forum where custody should be determined, the paramount interest is nevertheless the welfare of the child. Petitioner Lynch's religious belief and dictates do not guarantee her parenting ability and certainly do not supercede the well-being of a child.

7. By all standards of professional conduct, an attorney is to show respect for the court. A review of Petitioner Lynch's motion reflects total disdain for this court and all courts connected with this proceeding. Petitioner Lynch goes so far as to say as to accuse this court of abetting Respondent Remis in thwarting the express purpose of the Convention. The Black Law Dictionary (7th Edition) defines 'abet' as "1: to encourage and assist (someone), especially in the commission of a crime and 2) to support (a crime) by active assistance." Petitioner Lynch goes on to accuse Respondent Remis, Respondent's attorney and the children of fraud and deceit. The vituperative nature of Petitioner Lynch's assault on the court, Johnny and Andreas, their father and his attorney reflects malice and indifference and is further evidence of how Andreas would

be placed in an intolerable situation if returned to Petitioner Lynch and her attorney husband who authored the pending motion. Placing a child in an intolerable situation is material to a court's determination of an Article 13(b) defense.

8. Mr. Lynch did point out my error in citing England v. England, 234 F.3d 268 (5th Cir. 2000). To say this was intentional is simply not so and I do apologize to this Court and Mr. Lynch for the mis-quote. Nonetheless, *England* reveals the Fifth Circuit to have discounted the maturity of 13 year old Karina because she had four mothers in 12 years, was diagnosed with Attention Deficit Disorder, had learning disabilities, was medicated with Ritalin regularly and was scared and confused by the circumstances of the litigation. Andreas is soon to be 15, has had no physical or telephone contact with his mother, Petitioner, for more than six years. Petitioner's abandonment of Andreas should be affored much weight in his clearly stated desire not to be returned to his mother. Andreas is a superior student academically and is engaged in team sports and a multitde of extracurricular activities. Andreas has a right to have his age and maturity assessed by this Court if this matter is not dismissed on motion.

DATED: Honolulu, Hawaii, April 13, 2007.

_____
CHUNMAY CHANG.
Attorney for Respondent

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| CATHERINE JANE VON KENNEL GAUDIN nka LYNCH, | ) ) | CIVIL NO. 00-00765 SPK |
| Petitioner, | ) ) | CERTIFICATE OF SERVICE |
| vs. | ) ) ) | |
| JOHN R. REMIS, JR | ) ) ) | |
| Respondent. | ) ) | |

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of Respondent's Memorandum In Opposition to Petitioner's Motion to Strike Format, All Declarations And Article 13 Defenses upon Paul A. Lynch, , Eseq., Attorney for Petitioner, by depositing same in an official depository of the U.S. Postal Service, postage pre-paid envelope addressed as follows:

    Paul A. Lynch, Esq.
    Lynch Ichida Thompson & Kim
    1132 Bishop Street, Suite 1405
    Honolulu, Hawaii 96813

DATED: Honolulu, Hawaii, April 13, 2007

                                                  _____
                                                  CHUNMAY CHANG
                                                  Attorney for Respondent