UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| CATHERINE JANE VON KENNEL GAUDIN nka LYNCH, | ) ) | CIVIL NO. 00-00675 SPK |
| Petitioner, | ) ) | DECLARATION OF COUNSEL; EXHIBIT "A" |
| vs. | ) ) | |
| JOHN R. REMIS, JR | ) ) ) | |
| Respondent. | ) ) | |

## DECLARATION OF COUNSEL

CHUNMAY CHANG, hereby declares under penalty of perjury that the following are true and correct to the best of her knowledge and belief:

1. I am the attorney for the Respondent, John R. Remis, Jr., in the above-entitled matter and admitted to practice law in the State of Hawaii and the United States District Court for the District of Hawaii.

2. An evidentiary hearing has been set in this matter for May 9, 2007. At the hearing held before the Honorable Senior Judge Samuel P. King on February 13, 2007, Petiitoner partially complied with Respondent's Subpoena Duces Tecum and produced a lawful Permant Resident Card issued by the United States Citizenship and Immigration Services under A# 020-278-602.

3. It is the position of Respondent that the application and resulting issuance of a Permanent Resident Card to Petitioner herein demonstrates Petitioner's intent to remain permanently in the United States and that in fact Petitioner has permanently relocated to the United States. As such Respondent believes the habitual residence of the children is in Hawaii.

4. The law of this case is recited in Gaudin v. Remis, 282 F.3d 1178 (9th Cir. 2002), Gaudin v. Remis, 379 F.3d 631 (2004) and United States Magistrate Judge Leslie E. Kobayashi's Order of January 29, 2007. The law of the case is that if Petitioner has permanently relocated to Hawaii, then the petition is moot and should be dismissed.

5. Based on the newly discovered evidence, Petitioner's immigration status as a permanet resident of the United States renders her petition moot. Accordingly, Respondent has filed Respondent's Motion to Dismiss Petition as Moot and Alternatively to Continue Hearing and Grant Leave to Conduct Discovery. If the Court grants this motion and dismisses the petition or otherwise continues the pending proceeding to allow Respondent an opportunity to vacate the Ninth Circuit's earlier order denying Respondent's motion to dismiss based on Petitioner's fraudulent representation that she was an illegal alien, then Respondent would not need to proceed with the May 9, 2007, hearing on remand.

6. It is respectfully submitted that the interests of justice would best be served to schedule Respondent's Motion to Dismiss Etc. in advance of the hearing on remand.

7. In compliance with Local Rule 6.2(e), your Declarant called the office of attorney Paul A. Lynch on several occasions seeking a stipulation to shorten time on Resondent's Motion to Dismiss now returnable May 9, 2007. Having no response to my phone calls, your Declarant wrote attorney Lynch seeking a stipulation. No response was received from attorney Lynch, a true and correct copy of which is annexed as Exhibit "A".

FURTHER DECLARANT SAYETH NAUGHT.

DATED: Honolulu, Hawaii, April 13, 2007.

CHUNMAY CHANG