IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, ) ) ) Petitioner, ) ) v. ) ) JOHN R. REMIS, JR., ) ) Respondent. ) _____ ) | CIVIL NO. 00-00765 SPK-LEK |

ORDER DENYING EX PARTE MOTION TO SHORTEN TIME, SETTING HEARING, AND ALLOWING SUPPLEMENTAL BRIEFING.

Respondent's Ex Parte Motion to Shorten Time for Hearing, lodged on April 13, 2007, is DENIED. The hearing on **May 9, 2007**, will be to address (1) Petitioner's Motion to Strike Format, All Declarations, and Dismiss Article 13 Defenses, and (2) Respondent's Motion to Dismiss Petition as Moot and Alternatively to Continue Hearing and Grant Leave to Conduct Discovery. Witnesses need not attend the May 9, 2007, hearing. An evidentiary hearing is set for **May 30, 2007**, at 10:00 am for remaining matters, including any defenses that might remain applicable, depending upon the disposition of the pending motions.

In a related matter, the Court has reviewed preliminarily the briefing on

whether this action is or could be moot. In the relevant Ninth Circuit opinion addressing whether Petitioner moved to Hawaii "permanently" and whether her domicile could be the United States, the Ninth Circuit relied upon Petitioner's invocation of 8 U.S.C. § 1101(a)(15)(B) as the basis for her current presence in the United States. See Gaudin v. Remis, 379 F.3d 631, 636-37 (9th Cir. 2004). Under section 1101(a)(15)(B), even considering other subjective and objective factors of domicile, an alien by definition cannot have intended to abandon residence in the foreign country. Petitioner's domicile was Canada. But, even if the suit was not moot in 2004, it does not mean it cannot be moot now.[1]

The record now reflects as "new" information that Petitioner possesses a "permanent resident card" or "green card" indicating "lawful permanent residence" in the United States. This green card (whether renewed or new) was apparently applied-for or obtained in 2003 or 2004 before the opinion was issued in Gaudin v. Remis, 379 F.3d 631 (9th Cir. 2004). It is unclear to this Court whether the Ninth Circuit panel was aware of matters regarding the "green card." A question is what effect, if any, does this have. Is presence in the United States under a "green card" inconsistent with presence in the United States under section 1101(a)(15)(B)?

---

[1] This is a different inquiry than an individual's "habitual residence" as examined recently in Papakosmas v. Papakosmas, No. 05-55211, slip op. at 4245 (9th Cir. April 16, 2007). See Mozes v. Mozes, 239 F.3d 1067, 1075-76 n. 21 (9th Cir. 2001).

Saxbe v. Bustos, 419 U.S. 272 (1974) and Gooch v. Clark, 433 F.2d 74 (9th Cir. 1970) suggest that possessing a "green card" is not dispositive of whether an alien can also be present in the United States under section 1101(a)(15)(B) -- and therefore this "new" information might make no difference.  But, because this is an important threshold jurisdictional matter, the Court will allow the parties to submit supplemental briefs addressing this question.  The parties should be mindful that this Court has not addressed the immigration matters previously and was therefore not privy to any information or argument made to the Ninth Circuit panel in 2004.  Any such supplemental briefing shall be limited to 7 pages and shall be filed on or before May 7, 2007.

    IT IS SO ORDERED.

    DATED: April 23, 2007.

_____
Samuel P. King
Senior United States District Judge