ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 23 2007

at \_\_\_ o'clock and \_\_\_ min. \_\_M
SUE BEITIA, CLERK

CHUNMAY CHANG #3302
737 Bishop St., Suite 2100
Honolulu, Hawaii 96813
Telephone: (808) 536-2288
Facsimile: (808) 536-8807
Attorney for Respondent

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL, GAUDIN,<br><br>        Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>        Respondent. | CIVIL NO. 00-00675 SPK<br><br>RESPONDENT'S REPLY TO PETITIONER'S MEMORANDUM IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT AND ALTERNATIVELY TO CONTINUE HEARING AND GRANT LEAVE TO CONDUCT DISCOVERY FILED MARCH 30, 2007; CERTIFICATE OF SERVICE<br><br>MOTION DATE: May 9, 2007<br>TIME: 10:00 A.M.<br>JUDGE: SAMUEL P. KING |

RESPONDENT'S REPLY TO PETITIONER'S MEMORANDUM
IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS PETITION
AS MOOT AND ALTERNATIVELY TO CONTINUE HEARING AND
<u>GRANT LEAVE TO CONDUCT DISCOVERY FILED MARCH 30, 2007</u>

Respondent, John R. Remis. Jr., ("Respondent") by and through his attorney, Chunmay Chang, hereby files his Reply to Petitioner's Memorandum in Opposition to Respondent's Motion to Dismiss Petition as Moot and Alternatively to Continue Hearing and Grant Leave to Conduct Discover Filed March 30, 2007.

The gravamen of Petitioner's opposition is that a decision of the Ninth Circuit in *Gaudin II*, 379 F.3d 631 (9th Cir. 2004) forever controls the Petitioner's status whether or not she has

permanently relocated to Hawaii. Petitioner relies on her alleged temporary status existing in 2004 under 8 U.S.C. § 1101(a)(15(B). Petitioner fails to state whether or not the admitted application for her current permanent resident status or the issuance of her "green card" in July 2004 were presented to the Ninth Circuit prior to the opinion in *Gaudin II*. The essential question now becomes, is Petitioner's presence in the United States under a "green card" inconsistent with presence in the United States under 8 U.S.C. § 1101(a)(15(B)? This Court has so stated in its April 23, 2007 Order Denying Ex Parte Motion to Shorten Time for Hearing. Said Order extends the time for each party to brief this question to May 7, 2007.

Petitioner's continuing complaints about delay allegedly attributed to Respondent are without merit. Petitioner's failure to pursue any remedy to expedite this proceeding has already been noted. It is noted in Papakosmas v. Papakosmas, No. 05-55211, slip op at 4245 (9th Cir. April 16, 2007) that a Petitioner complaining of delay has remedies, even at the appellate level. Respondent reiterates the delays in hearing this matter have been directly attributable to and/or requested by Petitioner.

DATED: Honolulu, Hawaii, April 23, 2007.

_____
CHUNMAY CHANG
Attorney for Respondent

CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of Respondent's Reply to Petitioner's Opposition to Respondent's Motion to Dismiss Petition as Moot and Alternatively to Continue Hearing and Grant Leave to Conduct Discovery on Paul A. Lynch, attorney for Petitioner by depositing same in an official depository of the U.S. Postal Service, postage pre-paid envelope addressed as follows:

> Paul A. Lynch
> Lynch Ichida Thompson & Kim
> 1132 Bishop Street, Suite 1405
> Honolulu, Hawaii 96813

DATED: Honolulu, Hawaii, April 23, 2007

_____<br>CHUNMAY CHANG