LYNCH ICHIDA THOMPSON KIM & HIROTA
A Law Corporation

PAUL A. LYNCH
1132 Bishop Street, Suite 1405
Honolulu, Hawaii 96813
Tel. No. (808) 528-0100
Fax No. (808) 528-4997
E-mail: pal@loio.com
        Sjk@loio.com
Attorney for Petitioner

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 7 2007

at 4 o'clock and 00 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN,<br><br>           Petitioner,<br><br>vs.<br><br>JOHN R. REMIS, JR.,<br><br>           Respondent. | ) CIVIL NO. 00-00765 SPK LEK<br>) (Other Statutory Actions)<br>)<br>) PETITIONER'S SUPPLEMENTAL<br>) MEMORANDUM IN OPPOSITION<br>) TO RESPONDENT'S MOTION TO<br>) DISMISS PETITION AS MOOT AND<br>) ALTERNATIVELY TO CONTINUE<br>) HEARING AND GRANT LEAVE TO<br>) CONDUCT DISCOVERY FILED<br>) MARCH 30, 2007; CERTIFICATE OF<br>) SERVICE<br>)<br>) Hearing Date: May 9, 2007<br>) Time:          10:00 a.m.<br>) Judge:   The Honorable Samuel P. King<br>) |

PETITIONER'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT
AND ALTERNATIVELY TO CONTINUE HEARING AND
GRANT LEAVE TO CONDUCT DISCOVERY FILED MARCH 30, 2007

Comes now Petitioner CATHERINE JANE VON KENNEL GAUDIN nka LYNCH (hereinafter "Petitioner"), by and through her attorneys, Lynch Ichida Thompson Kim & Hirota, and files her Supplemental Memorandum in Opposition to Respondent's Motion to Dismiss Petition as Moot And Alternatively to Continue Hearing and Grant Leave to Conduct Discovery, filed herein on March 30, 2007, "allowed" by the Court in its Order Denying Ex Parte Motion To Shorten Time, Setting Hearing and Allowing Supplemental Briefing by Order dated April 23, 2007 and filed herein on the same date.

The one question posed by the Court at the bottom of page 2 of the 3-page Order above referenced is as follows:

> . . . Is presence in the United States under a "green card" inconsistent with presence in the United States under § 1101(a)(15)(B)?

The predicate to the above question posed by the court notes that:

> . . . the Ninth Circuit relied upon Petitioner's invocation of 8 U.S.C. § 1101(a)(15)(B) as the basis for her current presence in the United States. . . . Under section 1101(a)(15)(B), even considering other subjective and objective factors of domicile, an <u>alien by definition cannot</u> have intended to abandon residence in the foreign

2

country. Petitioner's domicile was Canada. But, even if the suit was not moot in 2004, it does not mean that it cannot be moot now. (Emphasis added.)

The foregoing question posed at the bottom of page 2 of the Court's order, and the predicate leading up to it that there is "new" information in that petitioner possesses a "permanent resident card", indicating "lawful permanent residence" in the United States, and the fact that the green card was *applied for* or *obtained* in 2003 before the Opinion issued in *Gaudin v. Remis*, 379 F.3d 631 (9th Cir. 2004), was answered and the issue necessarily addressed (by implication but necessarily so) in the memorandum filed by Petitioner herein on April 13, 2007, in opposition to the Motion to Dismiss the Petition as Moot. Relying thereon, based on the earlier Memorandum in Opposition and as elucidated in this Supplemental Memorandum, the undersigned Petitioner's counsel answers the question posed by the Court: the question, whether its two elements of 1) the presence in the United States under a "green card", and 2) presence in the United States under § 1101(a)(15)(B) can be "consistent" is that the question cannot be contemplated or addressed in the form in which it was asked, for the simple reason that the alien cannot be both at the same time and, therefore, a prior determination of the aliens' legal status be made before the particular question can even be asked. I.e., the answer is the same: what is the legal status of the alien with respect to whether the

alien is a "lawful permanent resident" <u>at the time</u>. That question has already been answered and the fact that there was an <u>application</u> for a "renewal" of a valid status when in fact and law there was no such valid status means that the application was a nullity: the "lawful permanent resident" status had been legally "abandoned" prior to the application for renewal. Or as this was expressed in the letter brief filed on February 4, 2004 with the Ninth Circuit (as ordered to be done by the court) the status was what it was, regardless of her "perception" as to what it was. It is fact that she filed an application for renewal because she saw that there was an expiration date coming up in August of 2003. Counsel and the Court seem to forget that Petitioner, her counsel and her witnesses did not assert a position at the time of the hearing in January of 2003 as to her immigration status. That was because of a belief (albeit mistaken) that she was a "lawful permanent resident" under the green card. Nonetheless, her belief had nothing to do with the Ninth Circuit's adjudication, and they said so.

The Ninth Circuit ordered that briefing be done on the immigration status of the Petitioner, resulting in a review, analysis, and written brief as to what that immigration status was by the Attorney for the Petitioner, who was addressing the issue for the first time at the Order of the Ninth Circuit.

The most significant point here though is that, to the extent that there was a

statement of the legal import of all existing facts with respect to her immigration status, characterized by the Ninth Circuit Court, and noted as such by this Court, that there was an "invocation" by the Petitioner of § 1101(a)(15)(B) is merely a declaration that <u>under the law</u>, the factual background and resulting legal status of the Petitioner under immigration law was briefed. The Ninth Circuit Court received the briefing, as well as the opposition briefing by the Respondent and his attorney, and JUDICIALLY DECLARED that, as a result of the analysis and the briefing and oral argument, the Court found that the Petitioner could not even <u>POSSESS</u> the requisite intent to establish domicile in Hawaii.

Most important is the citation by the Ninth Circuit of the case of *Carlson v. Reed*, 249 F.3d 876 (9th Cir. 2001) where the court said,

> . . . we held that even if an alien temporarily in the United States "could establish a subjective intent to remain permanently in [a state]," she would "lack" [] the legal capacity to establish domicile in the United States.

*Id.* at 881; *See, also, Graham v. INS.*

The underlying fact recitation in the brief illustrates that even with an existing unexpired "green card", the result is that Petitioner could not legally "possess the requisite intent to establish domicile in Hawaii. There is <u>NO</u> authority to support any other position.

5

Attached hereto as Exhibit 1 for the Court's and counsel's edification is the letter brief submitted by Petitioner dated February 4, 2004.

The Motion to Dismiss must be denied.

DATED:    Honolulu, Hawaii, May 7, 2007.

/s/ Paul A. Lynch
PAUL A. LYNCH
Attorney for Petitioner