FEBRUARY 4, 2004

PANEL                                                Via Facsimile (415) 556-9966
United States Court of Appeals                           and U.S. Mail
For the Ninth Circuit
95 Seventh Street
San Francisco, CA 94119-3939

     Re:    Appeal No. 03-15687
           *Gaudin v. Remis*
           U.S. D.Ct. Hawaii, DC No. CV 00-00765SPK-LEK
           Judge S.P. King

Gentlemen:

Immigration Status Of Petitioner And Relevance:

By Order of the Clerk of this Court dated January 28, 2004, Appellant was

directed to file a letter brief explaining her immigration status and its relevance, if

any, to whether she intends to remain in the United States. This brief is submitted

in compliance with that Order.

The Petitioner – Appellant is a native and citizen of Canada, born in

Vancouver, British Columbia Canada on November 13, 1951. She has never

relinquished her Canadian citizenship. In May 1973 she entered the United States

in a nonimmigrant status as a fiancée pursuant to Section 101(a)(15)(K), 8 U.S.C.

1101(a)(15)(K) of the Immigration and Nationality Act (INA). She concluded a

valid marriage to Andrew K Aiu, the petitioner in her application for a fiancée visa

in August 1973. Her status of a lawful permanent resident was recorded on

# EXHIBIT I

Panel
United States Court of Appeals
Page 2
February 4, 2004

January 14, 1974. Of this marriage two children were born. Appellant and

Andrew K. Aiu were divorced in November 1981.

On September 17, 1990, Appellant gave birth to a son John Anolani Remis

IV. On June 23, 1992, Appellant gave birth to a son Andreas Wailani Remis. The

father of these two children was determined to be John Remis III, Respondent

Appellee herein.

On January 19, 1994, Appellant, with her two sons, John and Andreas Remis

moved to Hudson, Quebec. Appellant purchased a home in Hudson, Quebec, was

a full-time mother and homemaker and took up part-time employment in Canada.

Appellant did not return to Hawaii until December 7, 2000. The purpose of

that trip was to attend a Hague Hearing in the United States District Court for the

District of Hawaii.

Appellant remained outside the United States for a period of more than six

(6) years. Title 8 Code of Federal Regulations §211.1(a) states "that each arriving

alien applying for admission into the United States for lawful permanent residence,

or as a lawful permanent resident returning to an unrelinquished lawful permanent

residence in the United States, shall present one of the following: (1) a valid,

unexpired immigrant visa; (2) A valid, unexpired Form I-551, Permanent Resident

Panel
United States Court of Appeals
Page 3
February 4, 2004

Card, if seeking readmission after a temporary absence of less than **1 year....**"

Emphasis Added. Appellant had neither of these documents, nor did she meet any

other of the qualifications cited in subparagraphs (3) through (7) of this cited

regulation. See **CHAVEZ-RAMIREZ v. INS, 792 F. 2d 932,937 (9TH Cir.

1986); INA § 211(b), 8 U.S.C. § 1181(b); 8 C.F.R. §§211.1(a),(b).**

The facts of this case dictate that Appellant had abandoned her permanent

residence in the United States when she entered the United States in December

2000. She left the United States in 1994 with the intention of taking a permanent

domicile in Canada, purchased a home, took up employment and put her children

in school. Even had Appellant made brief visit to the United States she would

have to have been found to have abandoned her lawful permanent residence in the

United States. See **Matter of Kane, 15 I & N Dec. 258 (BIA 1975); Matter of

Montero, 14 I & N Dec. 399 (BIA 1973); Matter of Davis, 16 I & N Dec 514,

526(BIA 1978); Santos v. INS, 421 F.2d 1303 (9th Cir. 1970).**

The abandonment of her lawful permanent residence did not preclude

Appellant from entering the United States as a visitor pursuant to **section

101(a)(15)(B) of the INA, 8 U.SC. 1101(a)(15)(B).** Canadian citizens are exempt

a visa when entering the United States as a visitor. However, entering as a visitor

Panel
United States Court of Appeals
Page 4
February 4, 2004

does not confer permanent residence upon any alien. In fact it confers just the exact

opposite, the alien must have a foreign residence they do not intend to abandon.

**Section 101(a)(15)(B)** states: "an alien ... having **a residence in a foreign country**

**which he has no intention of abandoning** and who is visiting the United States

temporarily for business or temporarily for pleasure." This is exactly what

occurred with the Appellant upon her entry in December 2000. She was coming

on business for the Hague Hearing in the United States District Court and she had a

residence in Canada that she did not intend to abandon. Therefore, she was a

visitor for business at the time of her entry in December 2000.

Appellant returned to Canada after that initial Hague Hearing in December

2000. She subsequently made entries into the United States in January 2001 and

February 2001 to assist her attorney in preparing appeal briefs. With the

abandonment of her permanent residence in the United States after her prolonged

absence, her subsequent admissions would have to be considered as a visitor and

not as a permanent resident. Regardless of her perception of her status, according

to the immigration law, regulations and case law the Appellant was legally entering

the United States as a visitor and therefore her stay in the United States was as a

visitor and not as a permanent resident.

Panel
United States Court of Appeals
Page 5
February 4, 2004

The relevance of Appellant's immigration status is that any finding of

"permanent residence" by U.S. D. Ct. judge is erroneous, arbitrary, and contrary to

United States law and policy.

The relevance of this status as to whether Appellant intends to remain in the

United States is dependent upon whether Appellant forms an intent to remain in the

United States and makes application therefor, the outcome of which being beyond

her control.  She presently has no determined "right" to remain in the United

States.

Very truly yours,

LYNCH ICHIDA THOMPSON
KIM & HIROTA

Paul A. Lynch

PAL:jb                                    Paul A. Lynch