EXHIBIT A

FEBRUARY 4, 2004

PANEL
United States Court of Appeals
For the Ninth Circuit
95 Seventh Street
San Francisco, CA 94119-3939

Via Facsimile (415) 556-9966
and U.S. Mail

Re: Appeal No. 03-15687
*Gaudin v. Remis*
U.S. D.Ct. Hawaii, DC No. CV 00-00765SPK-LEK
Judge S.P. King

Gentlemen:

Immigration Status Of Petitioner And Relevance:

By Order of the Clerk of this Court dated January 28, 2004, Appellant was directed to file a letter brief explaining her immigration status and its relevance, if any, to whether she intends to remain in the United States. This brief is submitted in compliance with that Order.

The Petitioner – Appellant is a native and citizen of Canada, born in Vancouver, British Columbia Canada on November 13, 1951. She has never relinquished her Canadian citizenship. In May 1973 she entered the United States in a nonimmigrant status as a fiancée pursuant to Section 101(a)(15)(K), 8 U.S.C. 1101(a)(15)(K) of the Immigration and Nationality Act (INA). She concluded a valid marriage to Andrew K. Aiu, the petitioner in her application for a fiancée visa in August 1973. Her status of a lawful permanent resident was recorded on

Case 1:00-cv-00765-SPK-LEK    Document 114-3    Filed 05/07/2007    Page 3 of 6

FEB-04-04 14:09 FROM:LYNCH et al.    ID:808 528 4997    PAGE  3/6

Panel
United States Court of Appeals
Page 2
February 4, 2004

January 14, 1974. Of this marriage two children were born. Appellant and Andrew K. Aiu were divorced in November 1981.

On September 17, 1990, Appellant gave birth to a son John Anolani Remis IV. On June 23, 1992, Appellant gave birth to a son Andreas Wailani Remis. The father of these two children was determined to be John Remis III, Respondent Appellee herein.

On January 19, 1994, Appellant, with her two sons, John and Andreas Remis moved to Hudson, Quebec. Appellant purchased a home in Hudson, Quebec, was a full-time mother and homemaker and took up part-time employment in Canada.

Appellant did not return to Hawaii until December 7, 2000. The purpose of that trip was to attend a Hague Hearing in the United States District Court for the District of Hawaii.

Appellant remained outside the United States for a period of more than six (6) years. Title 8 Code of Federal Regulations §211.1(a) states "that each arriving alien applying for admission into the United States for lawful permanent residence, or as a lawful permanent resident returning to an unrelinquished lawful permanent residence in the United States, shall present one of the following: (1) a valid, unexpired immigrant visa; (2) A valid, unexpired Form I-551, Permanent Resident

Case 1:00-cv-00765-SPK-LEK  Document 114-3  Filed 05/07/2007  Page 4 of 6

FEB-04-04 14:09 FROM:LYNCH et al.    ID:808 528 4997    PAGE   4/6

Panel
United States Court of Appeals
Page 3
February 4, 2004

Card, if seeking readmission after a temporary absence of less than 1 year...."

Emphasis Added. Appellant had neither of these documents, nor did she meet any other of the qualifications cited in subparagraphs (3) through (7) of this cited regulation. See **CHAVEZ-RAMIREZ v. INS**, 792 F. 2d 932,937 (9TH Cir. 1986); INA § 211(b), 8 U.S.C. § 1181(b); 8 C.F.R. §§211.1(a),(b).

The facts of this case dictate that Appellant had abandoned her permanent residence in the United States when she entered the United States in December 2000. She left the United States in 1994 with the intention of taking a permanent domicile in Canada, purchased a home, took up employment and put her children in school. Even had Appellant made brief visit to the United States she would have to have been found to have abandoned her lawful permanent residence in the United States. See **Matter of Kane**, 15 I & N Dec. 258 (BIA 1975); **Matter of Montero**, 14 I & N Dec. 399 (BIA 1973); **Matter of Davis**, 16 I & N Dec 514, 526(BIA 1978); **Santos v. INS**, 421 F.2d 1303 (9th Cir. 1970).

The abandonment of her lawful permanent residence did not preclude Appellant from entering the United States as a visitor pursuant to **section 101(a)(15)(B) of the INA, 8 U.SC. 1101(a)(15)(B)**. Canadian citizens are exempt a visa when entering the United States as a visitor. However, entering as a visitor

Panel
United States Court of Appeals
Page 4
February 4, 2004

does not confer permanent residence upon any alien. In fact it confers just the exact opposite, the alien must have a foreign residence they do not intend to abandon. **Section 101(a)(15)(B)** states: "an alien ... having **a residence in a foreign country which he has no intention of abandoning** and who is visiting the United States temporarily for business or temporarily for pleasure." This is exactly what occurred with the Appellant upon her entry in December 2000. She was coming on business for the Hague Hearing in the United States District Court and she had a residence in Canada that she did not intend to abandon. Therefore, she was a visitor for business at the time of her entry in December 2000.

Appellant returned to Canada after that initial Hague Hearing in December 2000. She subsequently made entries into the United States in January 2001 and February 2001 to assist her attorney in preparing appeal briefs. With the abandonment of her permanent residence in the United States after her prolonged absence, her subsequent admissions would have to be considered as a visitor and not as a permanent resident. Regardless of her perception of her status, according to the immigration law, regulations and case law the Appellant was legally entering the United States as a visitor and therefore her stay in the United States was as a visitor and not as a permanent resident.

Panel
United States Court of Appeals
Page 5
February 4, 2004

The relevance of Appellant's immigration status is that any finding of "permanent residence" by U.S. D. Ct. judge is erroneous, arbitrary, and contrary to United States law and policy.

The relevance of this status as to whether Appellant intends to remain in the United States is dependent upon whether Appellant forms an intent to remain in the United States and makes application therefor, the outcome of which being beyond her control. She presently has no determined "right" to remain in the United States.

Very truly yours,

LYNCH ICHIDA THOMPSON
KIM & HIROTA

*Paul A. Lynch*

Paul A. Lynch

PAL:jb