EXHIBIT B

February 6, 2004

**FILED**

FEB - 6 2004

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

PANEL
United States Court of Appeals
For The Ninth Circuit
95 Seventh Street
POB 193939
San Francisco, CA 94119-3939

Via Facsimile (415) 556-9966
and U. S. Mail

Re:   Appeal No. 03-15687
      Gaudin v. Remis, U.S. District Court, District of Hawaii
      DC No. CV 00-00-00765 SPK-LEK
      DC Judge: The Honorable Samuel P. King

<u>Appellee's Response to Appellant's Submission of February 4, 2004</u>

To this Honorable Panel:

Appellant concedes she terminated her status as a permanent alien resident of the United States when she removed herself from the United States to Canada on January 19, 1994, without the intent of returning. Appellant represents she next entered the United States in December 2000, January 2001, and February 2001. Appellant states her status in the United States upon re-entry was that of a visitor and further concedes as a visitor she had the right to remain in the United States without a visa for 90 days as she is Canadian. Nothing further being represented to this Honorable Court, Appellant is admittedly present in the United States years beyond the statutorily permitted time of 90 days since her last entry in February 2001. (Appellee believes Canadian citizens are permitted to remain in the United

States without visas for 6 months) Notwithstanding, the gravity of this admission is that Appellant is now presumed to be in the United States as an illegal alien. It is this illegal status which Appellant now presents in argument to this Honorable Court in suggesting "any finding of 'permanent residence' by U.S. D. Ct. judge [sic] is erroneous, arbitrary, and contrary to United States law and policy." Appellee's submission at page. 5.

This argument is specious and misplaced. This Honorable Court remanded this case under Appeal No. 01-15096 "...for an evidentiary hearing to determine whether Gaudin has moved permanently to Hawaii..."

At bar, the District Court's Findings and Conclusions determined, inter alia, that Petitioner (Appellant herein) sold all her assets in Canada, purchased a new home at 539B Keolu Drive, Kailua, Hawaii, in or about May 2001, and has resided at her new home since and, on June 29, 2001, Petitioner married her attorney, Paul A. Lynch, licensed to practice law in Hawaii since 1965, and who now lives with Petitioner at 539B Keolu Drive, Kailua, Hawaii. In considering all of the stipulated facts and the evidence adduced at the hearing on January 10, 2003, the District Court found Petitioner has permanently relocated to Hawaii. This was not a finding for immigration purposes but the limited issue presented to the District Court on remand herein.

Appellant relies on 8 U.S.C. §1101 in describing her immigration status. Title 8 of the United States Code, Chapter 12, Subchapter I, Section §1101 (a)(33) defines the term "residence" to mean the place of general abode; the place of general abode of a person means his <u>principal, actual dwelling place in fact, without regard to intent.</u> (emphasis added)   Since May 2001, Appellant's principal and actual dwelling place in fact is 539B Keolu Drive, Kailua, Hawaii, U.S.A. Appellant has no other residence.  That Appellant is subject to removal proceedings in the United States does not negate the fact that she is permanently located in the United States.

It is Appellant who initiated relief of the U.S. District Court and now seeks to usurp the determination by said Court by declaring herself to have been an illegal alien.  One cannot profit from a violation of the law of the United States.

One must question the position of Appellant's attorney in proffering a position of illegality in pursuit of his client's interests.  Given all that has been represented by Appellant, it appears to require inquiry under Title 8, Chapter I, Part 240 as to proceedings to determine removability of Appellant from the United States and furthermore, into the propriety of Attorney Lynch's knowledge and condonation of Appellant's presence in the United States beyond her visitor status. Such could be considered a violation of Title 18 as found in <u>United States v. Acosta De Evans</u>, 531 F.2d 428 (9th Cir. 1976).

3

Appellant's immigration status should have no relevance to the determination of this appeal. The evidence is clear that she abandoned her permanent residence in Canada when she entered the United States in February 2001. Her action is exactly akin to her 1994 action in abandoning her permanent residence in the United States when "[s]he left the United States in 1994 with the intention of taking a permanent domicile in Canada, purchased a home, took up employment and put her children in school. Since her arrival in February 2001, Appellant has purchased a new home on Oahu, worked as a part time piano teacher, married her local attorney, joined the church in Kailua, purchased a new vehicle, and her children are attending school here. Appellant argues that under INA Section 101(a)(15)(B) or 18 U.S.C. 1101(a)(15)(B), which states that "an alien ... having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure", it is exactly what occurred with the Appellant upon her entry in December 2000, when she came on business to deal with the Hague Convention litigation in the U. S. District Court. See Appellant's February 4, 2004, submission on page 4. Appellant ignores the fact that this appeal stems from Appellee's motion to dismiss her prior appeal for mootness because her relocation to Hawaii after her February 2001 entry and not her initial December 2000 arrival. Shortly after Appellant's February 2001 entry, Appellant sold her home in Canada,

4