IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, | ) CIVIL NO. 00-00765 SPK-LEK </br> ) </br> ) |
| Petitioner, | ) |
| v. | ) </br> ) |
| JOHN R. REMIS, JR., | ) </br> ) |
| Respondent. | ) </br> ) |
| _____ | ) |

ORDER DENYING PENDING MOTIONS

This order rules on three motions: (1) Respondent's Motion to Dismiss Petition as Moot and Alternatively to Continue Hearing and Grant Leave to Conduct Discovery; (2) Petitioner's Motion to Strike Format, all Declarations, and Dismiss Article 13 Defenses; and (3) Respondent's Motion in Limine. As indicated at the hearing, the Court DENIES all three motions.

Motion 1: Respondent's Motion to Dismiss as Moot.

We now know that Petitioner Catherine Jane Von Kennel Gaudin, nka Catherine Lynch ("Gaudin" or "Petitioner") has a "green card" indicating her status as a "lawful permanent resident" of the United States. Apparently, she had a card since 1974, but it expired in 2003 or 2004 and was then "renewed." It is

unclear whether the Ninth Circuit panel (Gaudin v. Remis, 379 F.3d 631 (9th Cir. 2004)) that found the suit not moot knew that she had a "green card." The letter brief to the Ninth Circuit panel does not specifically mention it, and there is no mention that it had been or would be renewed, or that there was such an application pending. Whether such mention would have made a difference to that panel is unknowable. Ultimately, it doesn't matter for present purposes.

Gaudin is a Canadian citizen. The card indicates she has been a resident of the United States since 1974. She left Hawaii for Canada in 1994. She did not return to Hawaii until 2000 for the Hague Petition proceedings. Subsequently, she married Mr. Paul Lynch, her attorney and a Hawaii resident. The details are set forth in prior orders and opinions in this case.

Previously, the Ninth Circuit held that Petitioner had invoked section 101(a)(15)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(B), as a "non-immigrant alien" for her presence in the United States. Despite the many other factors under a domicile inquiry indicating the Petitioner was a "permanent" resident of Hawaii, her immigration status was legally inconsistent with having a domicile in the United States. Gaudin v. Remis, 379 F.3d 631, 637 (9th Cir. 2004). Under section 1101(a)(15)(B), she was "precluded by law from relocating permanently to the United States." Id. The panel concluded that she was "barred

by law from possessing the requisite intent to establish domicile in Hawaii. Because she cannot lawfully have moved permanently to Hawaii, the case is not moot." Id. at 638.

Petitioner points out that she argued to that panel that she had "abandoned" her lawful permanent residence status in the United States when she left for Canada and did not return to the United States for six years. See 8 C.F.R. § 211.1(a). This implies that (although this was apparently not specifically mentioned by the Ninth Circuit) even though she had a green card from 1974, it necessarily became invalid. Even if it was "renewed" in 2003 or 2004, she argues, it has no meaning now. The "renewal" was a nullity. Indeed, Petitioner's counsel admitted or posited during the February 2007 hearing that Petitioner is presently "an illegal alien" and is "deportable."

Although Gaudin has a facially valid "green card" (it does not expire until 2014) as a "lawful permanent resident," the situation has not changed from when the Ninth Circuit previously decided this issue in 2004. Even if she has a "green card," such status is not necessarily inconsistent with being in this Country "temporarily" under § 1101(a)(15)(B). Cf. Saxbe v. Bustos, 419 U.S. 272 (1974) and Gooch v. Clark, 433 F.2d 74 (9th Cir. 1970). And if she is not in this country

under section 1101(a)(15)(B), then she might technically be "deportable."[1]  Put another way, even given her "renewed" card, she still is "barred by law from possessing the requisite intent to establish domicile in Hawaii."  379 F.3d at 638.  And if she is an "illegal alien" that is "deportable," that would indicate she is not a "permanent" resident of the United States for Hague Convention purposes.  Whatever Petitioner's legal immigration status, the record indicates that "she cannot lawfully have moved permanently to Hawaii," 379 F.3d at 637-38, for purposes of the Hague Convention.  (It may be that "permanent" for present purposes is different than "permanent" for "green card" purposes.)  In any event, the Court finds the suit is not moot.  There is no reason for further continuances for discovery into Petitioner's "intent" to remain here (or to return to Canada).

Motions 2 and 3:  Petitioner Gaudin's Motion to Strike Format and Respondent's Motion in Limine.

Evidentiary proceedings are scheduled for May 30, 2007.  The format has been set such that the parties submit direct testimony by declaration, in lieu of live direct testimony.  These witnesses are then to be available for live cross-examination.

By this motion, Petitioner basically objects to the format as unfair.  She

---

[1] The Court is not adjudicating her current immigration status.  The only question before the Court is whether this suit is moot for purposes of the Hague Convention and the law of the case as set forth in Gaudin v. Remis, 379 F.3d 631 (9th Cir. 2004).

indicates it is unfair because the declarations have certain information that might only be relevant to a custody inquiry, that the declarations contain hearsay, or are otherwise objectionable. She contends that the format deprives a party from objecting to a question before the answer is given.

Gaudin's objections to the format are denied. The Court has nearly fifty years of experience as a judge. The current format is designed to save time and to get directly to the heart of the issues. It is often used in non-jury evidentiary matters. The Court can certainly determine what is and is not relevant (and what is otherwise improper under the rules of evidence) within the declarations. The parties can cross-examine as to the authenticity of the declarations and any of the content, subject to other limitations within the Court's discretion at the time of the testimony.

Given the Ninth Circuit's decisions, the issues for the evidentiary hearing will be to answer (at most) these basic lines of inquiry:

1. Is there a "grave risk" of psychological harm if Andreas Remis is returned? If so, are there "undertakings" that can be created so as to allow a Canadian Court to determine custody and minimize any such risk?

   This assessment is to be done under <u>current</u> conditions (not as they were six years ago). <u>Gaudin v. Remis</u>, 415 F.3d 1028, 1036 (9th Cir. 2005). This Court is not to be influenced by state court proceedings or determinations. <u>Id.</u> The Court must consider these alternative "undertakings" if it finds "grave risk." <u>Id.</u> at 1035.

5

2.  According to the Ninth Circuit's opinion, the Court may refuse to order the return of Andreas Remis -- regardless of the grave risk determination -- if the Court "finds that [he] object[s] to being returned and ha[s] attained an age and degree of maturity at which it is appropriate to take account of [his] views." Gaudin, 415 F.3d at 1037 (quoting Hague Convention, art. 13 ¶2, 19 I..M. 1501, 1502 (1980)).

The Court is able to judge the content of the declarations and testimony in light of these basic inquiries. The Motion is DENIED as to striking the format. Further, given the Ninth Circuit's prior direction, the Court also DENIES the motion to the extent it attempts to dismiss the Article 13 defenses.

For similar reasons, the Court DENIES Respondent's Motion in Limine as to certain statements in the Declaration of Paul Lynch.

IT IS SO ORDERED.

DATED: May 9, 2007.



_____
Samuel P. King
Senior United States District Judge