ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 30 2007

at 10 o'clock and 20 min. AM
SUE BEITIA, CLERK

CHUNMAY CHANG #3302
737 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Tel. 808-536-2288
Fax 808-536-8807

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CATHERINE JANE VON KENNEL GAUDIN, nka LYNCH,<br><br>    Petitioner,<br><br>    vs.<br><br>JOHN R. REMIS, JR.,<br><br>    Respondent. | Civil No. 00-00765 SPK<br><br>RESPONDENT'S SECOND SUPPLEMENTAL TRIAL BRIEF; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Hearing Date: May 30, 2007<br>Hearing Time: 10:00 AM<br>Senior Judge: SAMUEL P. KING |

## RESPONDENT'S SUPPLEMENTAL TRIAL BRIEF

Comes now Respondent John R. Remis, Jr., by and through his attorney, Chunmay Chang, and hereby submits his Second Supplemental Trial Brief as follows:

A. BACKGROUND:

The facts of this case are well-known to this Court. This matter is before the court again on remand to decide, inter alia, whether Andreas Wailani Remis is of sufficient age and maturity to object to being returned to Petitioner in Canada. This is the subject of a case decided April 5, 2007 by the 10th Circuit Court of Appeals and is the subject of this supplement.

B. APPLICABLE LAW:

Respondent respectfully asks this Court to consider the rationale found in the case of Silva v. Pitts, 481 F.3d 1279 (10th Cir. 4/05/2007), a true and correct copy of which is annexed as Exhibit "A". In Silva, at the end of summer visitation with his father, a 13 year old boy expressed his desire to stay with his father in Oklahoma and not return to his mother in Canada. Mother Silva filed a petition for the return of her son with the Eastern District of Oklahoma. Her petition was denied and she appealed to the United States Court of Appeals for the Tenth Circuit.

The 10th Circuit affirmed after reviewing the district court's finding of fact for clear error and its conclusions regarding principles of domestic, foreign and international law de novo. In Silva, the 10th Circuit reasoned that one of the primary areas in which a court may appropriately decide not to return a child occurs when a child of sufficient age and maturity object to being return to the country of habitual residence. Silva cites to the Perez Vera Report at 433, para. 30:

> "[T]he Convention also provides that the child's views concerning the essential question of its return or retention may be conclusive, provided it has, according to the competent authorities, attained an age and degree of maturity sufficient for its views to be taken into account. In this way, the Convention gives children the possibility of interpreting their own interests. Of course, this provision could prove dangerous if it were applied by means of the direct questioning of young people who may admittedly have a clear grasp of the situation but who may also suffer serious psychological harm if they think they are being forced to choose between two parents. However, such a provision is absolutely necessary given the fact that the Convention applies, ratione personae, to all children under the age of sixteen; the fact must be acknowledged that it would be very difficult to accept that a child of, for example, fifteen years of age, should be returned against its will. Moreover, as regards this particular point, all efforts to agree on a minimum age at which the views of the child could be taken into account failed, since all the ages suggested seemed artificial, even arbitrary. It seemed best to leave the application of this clause to the discretion of the competent authorities."

In Silva, a Magistrate Judge conducted an in camera interview of the child with her law clerk and the court reporter present, but without the parents or their counsel in attendance.

The Magistrate Judge reported the boy, while he had a lot of friends in Canada and got along with his sister who lives there, he had also made friends in Ardmore (his father's residence) where he is on the football team and the wrestling team. The boy described the Pitts's house as a great place where he had a computer and everything he needs for school. He indicated that he wanted to remain in Ardmore because he thought the school was better. The boy had visited his father in Oklahoma at least once before 2005. By 2005, the boy felt more at home in Ardmore and wished to stay.

The Magistrate Judge considered the boy's expressed opinions as to his status in accordance with Article 13(b) of the Hague Convention. 42 U.S.C. § 11603(e)(2)(A) and observed him to be a bright, expressive child with a well-developed understanding of his situation and the positions of his parents. He has attained an age and degree of maturity to so consider his views. The district court did not find the boy to be particularly swayed by lavish gifts and wealth in forming an opinion that the schools were better in Oklahoma, he enjoyed his friends and activities and his home. It also determined he was well-settled in his environment in Oklahoma and expressed his desire to remain in Oklahoma with Pitts without apparent adult indoctrination. Allowing him to remain with his father was found to be in his best interests under the circumstances presented.

The 10th Circuit was also mindful of the magistrate judge's opportunity to observe the boy in person, and accorded great deference to the court's findings based on that experience citing Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). It also state it was the court's duty to consider Jonathan's best interest and to determine whether he was of sufficient age and maturity to weigh in on this matter, and found no error in the district court's ultimate conclusion that Jonathan should remain in Oklahoma while Oklahoma courts decided the custody matter.

Thus, it was held that, under the unusual circumstances of this case, it was appropriate to refuse repatriation to Canada solely on the basis of Jonathan's desire to stay in Oklahoma.

While there are parallels between Silva and the present case, it is emphasized that in Silva, the boy had been living with his mother for about 9 years preceding the onset of visitation with his father in Oklahoma. Andreas has no friends in Canada and had none when he lived. Petitioner has no Canadian residence or community to return to. Andreas will be 15 on June 23 and has been living with his father in Honolulu, Hawaii, since June 2000. Notwithstanding the October 2006 Declarations containing details of Andreas' current status, activities and accomplishments, there has been no communication from Petitioner.

From Pauoa Elementary School, Kawananakoa Middle School and now Roosevelt High School, Andreas is not only well-settled in his community but this is the only community he knows, participates in and thrives in academically, athletically and socially.

An in camera interview with Andreas by this Court is suggested as being most appropriate, in addition to the Declaration already submitted.

C. CONCLUSION:

Andreas Wailani Remis is of sufficient age and maturity to object to being returned to Petitioner in Canada. This is an independent defense to these proceedings.

DATED: Honolulu, Hawaii, May 30, 2007.

_____
CHUNMAY CHANG
Attorney for Respondent

4