IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| Catherine Jane Von Kennel Gaudin, | ) | Case No. 03-15687 |
| | ) | District Court |
| Petitioner/Appellant, | ) | Case No. CV-00-00765 SPK LEK |
| | ) | |
| vs. | ) | MEMORANDUM IN SUPPORT |
| | ) | OF MOTION |
| John R. Remis, Jr. | ) | |
| | ) | |
| Respondent/Appellee. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

A. <u>BACKGROUND</u>:      By Order of the Clerk of this Court dated January

28, 2004, Appellant was directed to file a letter brief explaining her immigration

status and its relevance to whether she intended to remain in the United States.

In response to the *sua sponte* request of this Court, Appellant filed a letter

brief with this Court dated February 4, 2004, an unfiled copy of which is annexed

as Exhibit "A" to the Declaration of Chunmay Chang dated May 25, 2007

submitted in support of this motion.

In her letter brief of Feb.4, 2004, Appellant, through her attorney/husband,

Paul A. Lynch, claimed her immigration status was that of a visitor pursuant to 8

U.S.C. 1101(a)(15)(B), i.e. "an alien…having a residence in a foreign country

which he has no intention of abandoning and who is visiting the United States

temporarily for business or temporarily for pleasure." (Ex. "A").  Appellant

represented that she had a permanent alien card but is deemed to have abandoned it when she moved to Canada and stayed there for more than 6 years. Based upon the material factual representations contained in Appellant's February 4, 2004 letter brief, on August 10, 2004, this Court determined Appellant was barred by law from possessing the requisite intent to establish domicile in Hawaii and thus could not have permanently moved to Hawaii. Without being able to legally form an intent to remain permanently in the United States, this Court ruled that Appellant's Petition was not moot and remanded this matter for further hearing to the District Court of Hawaii.

On remand, a hearing was set to proceed before the Honorable Senior Judge Samuel P. King in the District Court of Hawaii on February 13, 2007. At the hearing, Mr. Lynch disclosed for the first time that "[i]n 2003, when her [Appellant's] green card was expiring, she applied for a new one." Transcript of February 13, 2007, hearing at page 11, Lines 14-15, a copy of which is attached hereto as Exhibit "B". At the same hearing, Mr. Lynch produced a copy of Petitioner's current green card, with an expiration date of July 10, 2014. This was received into evidence by the district court as Respondent's Ex. G, a copy of which is attached hereto as Exhibit "C". The letter attached to said card shows that the card being issued on July 10, 2004, which was prior to this Court's August 10, 2004 ruling in Gaudin v. Remis, 379 F.3d 631 (9th Cir. 2004) ("Gaudin II").

Respondent learned of this information for the first time at the February 13, 2007,

hearing.  It does not appear anywhere that this Court was apprised of this

information prior to its Gaudin II opinion.  Said "green" card was introduced into

evidence at the hearing and based on Appellant's objection to the format of the

proceeding, the hearing was continued to May 30, 2007 to give each party an

opportunity to file further motions.

Even with her being issued a 'new' green card, Appellant continues to

maintain that she was not a permanent resident of the United States.  This

representation has been made throughout these proceedings, the most recent being

the statement to the Honorable Senior Judge Samuel P. King by Attorney Lynch at

the February 13 hearing, that "… her [Petitioner's] immigration status was

determined as of August of 2004 by a panel of the Ninth Circuit."  See: Transcript

of Hearing of February 13, 2007 (hereinafter "Tr.") at page 4, lines 22-23, Ex. "B".

Attached as Exhibit "D" are relevant pages of a Declaration of Attorney Paul

A. Lynch dated November 21, 2006, wherein Attorney Lynch states:

> "Any and all statements made by me as to factual
> allegations and the papers prepared and filed in this case
> by me for this hearing… are averred by me to be accurate
> and the information and knowledge was acquired either
> directly by me or in my role as Attorney for Petitioner in
> this case…" (Paragraph 3 of Ex. "D")
>
> * * *
>
> "I hereby recite for the record under oath for myself and
> my client [Petitioner] that I was instructed by order of the

Ninth Circuit Court of Appeal's panel handling
Petitioner's appeal from the decision of the United States
District Court dated March 3, 2003, relative to a
determination that Petitioner was a permanent resident of
the State of Hawaii and, pursuant to an earlier mandate of
a different panel of the Circuit Court of Appeals for the
Ninth Circuit, dismissed the case as moot, to prepare a
letter brief delineating Petitioner's then immigration
status.  For purposes of this declaration and these
proceedings, I merely recite that *since the letter brief was
prepared in February of 2004, there has been no
application nor action taken of which the Petitioner or I
am aware that in any way affects or changes her
immigration status as determined by the Ninth Circuit
Court of Appeals in the year 2004.*  (Emphasis added)."
(Paragraph 5 of Ex. "D)

Attorney Lynch, at the hearing of February 13, 2007 and referring to the

most recent decision of the Ninth Circuit Court of Appeals, states:

"...since domicile was the standard, they decided that she
– the case was not moot and she could not legally form
the intent and *she couldn't do it until such time as she put
an application in to correct that, to get some sort of
permanent resident status.  We haven't done that
obviously.*  (Emphasis added)." Ex. "B" Tr. at p:11, ll: 9-
13.

Attorney Lynch then follows up by stating:

"However I want to be straight about this.  In 2003 when
her green card was expiring, *she applied for a new one.*
(Emphasis added)." Ex. "B" Tr. at p:11, ll:14-16.

It is noted here that Appellant's Petition for the return of John Anolani

Remis, IV, has been dismissed as he attained the age of 16 on September 17, 2006.

Notwithstanding, Appellant continues to demand the return of Andreas Wailani

Remis, age 14, to her in Canada.

B.  <u>APPLICABLE LAW</u>:

Under FRCP 60(b), a party may be relieved from a final judgment, order or

proceeding for the following reasons, inter alia:

> "(2) newly discovered evidence which by due diligence could
> not have been discovered in time to move for a new trial
> under Rule 59(b); (3) fraud   (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct
> of an adverse party or (6) any other reason justifying relief
> from the operation of the judgment."

Given the unusual circumstances of this case, alternate relief

Under FRCP 60(b) is sought.

Under FRCP 60(b)(2), relief from an order or judgment may also be granted

where (1) the evidence has been newly discovered since the trial, (2) the moving

party was diligent in discovering the new evidence, (3) the new evidence is not

merely cumulative or impeaching, (4) the new evidence is material, and (5) in view

of the new evidence, a new trial would probably produce a different result.  See:

Feature Realty, Inc. v. City of Spokane, 332 F.3d 1082, (9th Cir. 2003)  The new

evidence must be both admissible and credible. Relief under this category is

granted only in exceptional circumstances.  See:  Jones v. Aero/Chem Corp., 921

F.2d 875 (9th Cir. 1990).

The circumstances of this case present a hybrid of the above stated principles. (1) The "green card" evidence has been discovered since this Court's *sua sponte* request to address Appellant's immigration status which status was represented to this Court in February 2004 as being that of a temporary visitor. (2) Movant-Appellee herein was diligent in seeking Appellant's *current* immigration status for the hearing set for February 13, 2007 by way of subpoena. Movant-Appellee and the District Court learned for the first time on February 13, 2007 that Appellant had applied for in 2003 and had been issued a "green card" on July 10, 2004. (3) Appellant's "green card" is not merely cumulative or impeaching. (4) Appellant's current immigration status is that of a permanent resident alien is material as to her legal right to form the intent to remain permanently in the United States. (5) In view of this new "green card" evidence, it is likely that this Court would have reached a different conclusion as to whether or not Appellant's claim was moot before reaching its decision on August 10, 2004. This new evidence has already been admitted into evidence at the hearing of February 13, 2007 as Respondent's Exhibit "G" therein and is credible. (Ex. "C").

Under FRCP 60(b)(3) relief from an order or judgment may also be granted where (1) moving party possessed a meritorious claim at trial, (2) the adverse party engaged in fraud, misrepresentation, or other misconduct, and (3) the adverse

party's conduct prevented the moving party from fully and fairly presenting its case during trial.

Where the withholding of discovery materials is shown to be intentional, a presumption arises that the material would have damaged the nondisclosing party which can be refuted only by clear and convincing evidence demonstrating that the suppressed material was inconsequential. See: Anderson v. Cryovac, Inc., 862 F.2d 910 (1st Cir. 1988).

Allegations that counsel deliberately concealed information favorable to the opposing party or presented favorable evidence while suppressing and misstating unfavorable evidence have been found sufficient to establish a fraud upon the court. Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993) and Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128 (9th Cir. 1995).

The Hawaii Rules of Professional Conduct, Rule 3.3: Candor Toward the Tribunal provides:

> "(a) A lawyer shall not knowingly:
> (1) make a false statement of material fact or law to a tribunal;
> (2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client; * * *
> or (4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take remedial measures to the extent reasonable necessary to rectify the consequences.

> (b) The duties stated in paragraph (a)…continue to the
> conclusion of the proceeding…

Local Rule 83.3 Attorneys: Standards of Professional Conduct of the Rules

of the Unites States District Court, District of Hawaii provides:

> "Every member of the bar of this court and any attorney
> permitted to practice in this court… shall be governed by and
> shall observe the standards of professional and ethical conduct
> required of members of the Hawai'i State Bar."

Again, the circumstances of this case are governed by the foregoing

principles as follows:

(1) Movant possessed a meritorious claim that Appellant had permanently

relocated to the United States requiring the dismissal of the petition and appeal

herein as stated by this Court in *Gaudin I* , Gaudin v. Remis, 282 F.3d 1178 (9th

Cir. 2002) that, if a Hague Convention petitioner moves permanently to the same

country as the abductor, the petition is moot because no effective relief remains for

us to grant. In *Gaudin II*, Gaudin v. Remis, 379 F.3d 631 (2004) this Court

declined to revisit its decision in *Gaudin I.*  Had Appellant been permitted to

legally form the intent to remain permanently in the United States in 2004, Movant

believes this Court would have followed *Gaudin I* and affirmed the judgment of

the Hawaii District Court of March 3, 2003, dismissing the petition then before it.

(2) Appellant is an adverse party who engaged in fraud, misrepresentation,

or other misconduct before this Court in 2003 and 2004.  In her letter brief to this

10

Court dated February 4, 2004, Appellant did not apprise this Court of the fact that Appellant had applied for or renewed her permanent resident alien status in 2003 as first revealed by her attorney-husband, Paul A. Lynch on February 13, 2007 (Ex."B" Tr. at p:11, ll:14-16). Further, before the decision of this Court on August 10, 2004, Appellant and her attorney/husband failed to apprise this Court that Appellant had been granted permanent resident alien status in July 2004. (Ex. "C"). Attorney Lynch, at the time he submitted his letter brief to this Court in February 2004 knew his wife, Appellant, had applied for or renewed her permanent resident immigration status yet deliberately omitted any reference to same. During the pendency of this appeal, Attorney Lynch knew his wife, Appellant, had been granted permanent resident status in July 2004. Attorney Lynch deliberately failed to advise this Court of such change in status when he was ethically obligated to do so. Of course, Attorney Lynch likewise did not advise Movant or his counsel of the pending application nor change in Appellant's immigration status.

The intentional suppression of this material evidence of Appellant's immigration status by her attorney-husband Paul A. Lynch constitutes fraud upon this Court from which Appellee now seeks relief. It is incumbent upon Appellant to demonstrate by clear and convincing evidence that the suppressed material was inconsequential as in *Anderson* supra.

The involvement of any attorney in the perpetration of the fraud is a key factor in the existence of fraud upon the court. Serzysko v. Chase Manhattan Bank, 461 F2d 699 (2nd Cir. 1972).

(3) Appellant's conduct as an adverse party prevented the Movant-Appellee from fully and fairly presenting its case before this Court in that Appellant's immigration status change from temporary visitor to permanent resident would have then allowed Appellant to form the intent to remain permanently in the United States. Appellant's attorney's conduct was professionally unethical in suppressing this evidence.

As and for a claim for alternate relief, under FRCP 60(b)(6) relief from an order or judgment may also be granted where (6) any other reason justifying relief from the operation of the judgment.

FRCP 60(b)(6) has been described as vesting power in the courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice and constitutes equitable power to do justice in a particular case. Klapprott v. United States, 69 S.Ct. 384, 335 U.S. 601, 93 L.Ed. 266, mod on other grounds 336 U.S. 942, 93 L. Ed. 1099, 69 S.Ct. 398 and motion den 336 U.S. 949, 93 L. Ed. 1105, 69 S. Ct. 877 (1949) and Pierre v. Bernuth, Lembcke Co., 20 F.R.D. 116 (DC NY 1956).

The fact that FRCP 60(b)(6) and FRCP 60(b)(1)-(5) state mutually exclusive

12

grounds for relief does not preclude relief under more than one subsection. A motion brought under FRCP 60(b)(6) and one of the other five bases for relief may properly be treated as asserting two alternate grounds for relief. <u>Schwartz v. United States</u>, 129 F.R.D. 117 (DC Md 1990), motion to vacate den. 733 F. Supp. 235, (DC Md) later proceeding 745 F. Supp. 1132 aff'd (4th Cir. 1990).

If fraud upon the court is found, the judgment must be vacated and the guilty party must be denied all relief whatever the merits of his claim. <u>Root Refining Co. v. Universal Oil Products Co.</u>, 169 F.2d 514 (3rd Cir. 1948).

If the court finds that fraud has been practiced upon it, the entire cost of the proceedings, including counsel fees, can be justly assessed against the guilty parties. See: <u>Universal Oil Products Co. v. Root Refining Co.</u>, 66 S.Ct. 1176, 328 U.S. 575, 90 L. Ed. 1447 (1946).

C.     <u>Conclusion</u>.

In conclusion, this court should vacate its decision of August 10, 2004 and affirm the judgment of the District Court of March 3, 2003 finding Petitioner had moved permanently to the United States and her petition was moot.

If this court finds fraud has been practiced upon it, the entire costs of the proceedings and counsel fees should be awarded Movant-Appellee.

DATED:  Honolulu, Hawaii, May 25, 2007.

/s/ CHUNMAY CHANG
CHUNMAY CHANG

13